**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| JPA NO. 111 CO., LTD., and | : | Case No. 21-12075 (DSJ) |
| JPA NO. 49 CO., LTD., | : | Case No. 21-12076 (DSJ) |
| | : | |
| Debtors. | : | |
| | : | |

**OBJECTION OF FITZWALTER CAPITAL PARTNERS (FINANCIAL TRADING) TO DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ENFORCING THE PROTECTIONS OF SECTIONS 105(a), 362, 365, 525, AND 541 OF THE BANKRUPTCY CODE, RESTATING AUTOMATIC STAY AND *IPSO FACTO* PROVISIONS; AND (II) GRANTING RELATED RELIEF**

FitzWalter Capital Partners (Financial Trading) ("**FWCP**"), the Security Agent and Debtors' largest secured creditor, respectfully submits this Objection to the "*DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) ENFORCING THE PROTECTIONS OF SECTIONS 105(a), 362, 365, 525, AND 541 OF THE BANKRUPTCY CODE, RESTATING AUTOMATIC STAY AND IPSO FACTO PROVISIONS; AND (II) GRANTING RELATED RELIEF*" (the "**Comfort Order Motion**") [Dkt. No. 5], filed by JPA No. 111 Co., Ltd. ("**Japan Debtor One**") and JPA No. 49 Co., Ltd. ("**Japan Debtor Two** and, with Japan Debtor One, the "**Debtors**").

## OBJECTION

This Court should deny the Comfort Order Motion for two, independent reasons.

*First*, the "appropriate" relief the Debtors seek merely restates what Bankruptcy Code sections 362, 365 and 541 already provide. There is no issue of interpretation (or otherwise) for this Court to resolve. The Comfort Order Motion thus seeks an advisory opinion, for which this Court lacks jurisdiction to consider.

Despite this, the Debtors ask this Court to enter an order restating what the Bankruptcy Code provides—in essence, a "comfort" order. It is well settled that a federal court lacks jurisdiction to issue advisory opinions when there is no case or controversy before the court. *See Arizonans for Official English v. Arizona*, 117 S. Ct. 1055 (1997); *see also Muskrat v. United States*, 219 U.S. 346, 352 (1911); *In Matter of Motors Liquidation Co.*, 829 F.3d 135, 168 (2d Cir. 2016) ("…courts may not give 'an opinion advising what the law would be upon a hypothetical state of facts'….").

This Court should deny the Comfort Order Motion. To the extent that this Court is ever asked to address in these cases whether a violation of the automatic stay has occurred or would occur, or whether an *ipso facto* clause applies, the parties can bring it to this Court for resolution

*with appropriate due process*—not on an "emergency" basis without any showing of irreparable harm.

*Second*, the Comfort Order Motion should be denied for an independent reason. That is, the Debtors (on an emergency basis) are seeking to extend the automatic stay *to non-debtors*, including their parent and sole shareholder. Included in the proposed form of order is subparagraph 2(g), which provides that all persons anywhere on the planet are "hereby stayed, restrained, and enjoined from . . . taking any action against *any non-debtor parties* that would inevitably have an adverse impact on property of the Debtors and their estates." Dkt No. 5-1 at 3 (proposed form of order ¶ 2(g)) (emphasis added).

This requested relief is unprecedented. The Debtors seek to extend the automatic stay to non-debtors, based on a vague standard (found nowhere in the Code) of "inevitably" having an "adverse impact" on property of the Debtors and their estates. They do so not by adversary proceeding, but in an emergency motion served on one weekend's notice.

The second Circuit has held that as a general rule, the automatic stay applies only to a debtor (and, in limited circumstances, to a debtor's wholly owned subsidiary). *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287 (2d Cir. 2003); *see also Teachers Insurance and Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir.1986) ("It is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants."). It does not extend to any non-debtor simply because it might conceivably have an effect on a debtor's estate.

The Debtors represent to this Court that "[s]imilar relief has been granted by courts in the Second Circuit in other chapter 11 proceedings." Comfort Order Motion at ¶ 26. This paragraph cites eight cases. *Not one of those eight cases provided for the relief sought in paragraph 2(g)*.[1]

FWCP believes one reason the Debtors are seeking to extend the automatic stay is to provide cover to its controlling shareholder—JPL, whose President and CEO is the Debtors' first day declarant—which has blatantly breached its promise to FWCP not to file the Borrower for bankruptcy. Under that certain Proceeds Agreement dated November 6, 2018, the "Borrower Parent", *i.e.*, JPL, agreed that it "shall not[] (and shall procure that its Affiliates [including the Debtors] will not) file or join in any petition to commence any winding-up proceedings by or against the Borrower … or any other action or proceedings for the winding-up, dissolution, administration or examinership of the Borrower … or take, or acquiesce in, any other action which might reasonably be expected to lead to the bankruptcy or insolvency of the Borrower … save as required by applicable law or with the consent of the Security Agent [FWCP]." Proceeds agreement at § 3.1.3.[2]

FWCP should not have to consider whether prosecuting its claim against JPL for its obvious breach of the Proceeds Agreement "would inevitably have an adverse impact on the property of the Debtors and their estates" or risk violating this Court's order. For this reason too, the requested relief is inappropriate.

---

[1] FWCP will be able to share copies of the referenced Orders, upon request at the hearing.

[2] FWCP will be able to share the Proceeds Agreement, which includes a Confidentiality provision, upon request at the hearing.

## MOTION TO DISMISS

FWCP is preparing and will be filing a motion to dismiss these chapter 11 cases as bad faith filings. Pursuant to Bankruptcy Code sections 305 and 1112, as well as Second Circuit authority, the following factors are "indicative of a bad faith filing":

(1) the debtor has only one asset;

(2) the debtor has few unsecured creditors whose claims are small in relation to those of the secured creditors;

(3) the debtor's one asset is the subject of a foreclosure action as a result of arrearages or default on the debt;

(4) the debtor's financial condition is, in essence, a two party dispute between the debtor and secured creditors which can be resolved in the pending state foreclosure action;

(5) the timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their rights;

(6) the debtor has little or no cash flow;

(7) the debtor can't meet current expenses including the payment of personal property and real estate taxes; and

(8) the debtor has no employees.

*In re C-TC 9th Avenue Partnership*, 113 F.3d 1304, 1311 (2d Cir. 1997). As FWCP will be prepared to discuss at the hearing, substantially all of these elements apply squarely here. In connection therewith, FWCP reserves all of its rights with respect to appearing and being heard at the Debtors' "first day" hearing.

## **CONCLUSION**

Based on the foregoing, FWCP respectfully requests that this Court deny the Comfort Order Motion.

Dated: December 20, 2021

Respectfully submitted,

/s/ *Benjamin I. Finestone*

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Benjamin I. Finestone
Zachary R. Russell
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
benjaminfinestone@quinnemanuel.com
zacharyrussell@quinnemanuel.com

Justin C. Griffin (pro hac vice forthcoming)
Eric Winston (pro hac vice forthcoming)
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
justingriffin@quinnemanuel.com
ericwinston@quinnemanuel.com

Asher B. Griffin (pro hac vice forthcoming)
300 West 6th Street, Suite 2010
Austin, TX 78710
Telephone: (737) 667-6100
Facsimile: (737) 667-6110
ashergriffin@quinnemanuel.com

*Counsel to FitzWalter Capital Partners (Financial Trading)*