UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JPA NO. 111 CO., LTD. and<br>JPA No. 49 CO., LTD.,<br><br>　　　　　　　Debtors.¹ | Chapter 11<br><br>Case No.: 21-12075 (DSJ) |

**ORDER (I) ENFORCING THE PROTECTIONS OF SECTIONS 105(a), 362, 365, 525, AND 541 OF THE BANKRUPTCY CODE, RESTATING AUTOMATIC STAY AND *IPSO FACTO* PROVISIONS; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")² of the debtors and debtors in possession (the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") for an order (as modified for the reasons discussed on the record of the hearing on the Motion, this "Order") (i) enforcing the protections of sections 105(a), 362, 365, 525, and 541 of the Bankruptcy Code, restating the automatic stay and *ipso facto* provisions; and (ii) granting related relief, all as set forth more fully in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and the Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the

---

¹　The Debtors in these Chapter 11 Cases are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is: Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

²　Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

circumstances; and the Court having reviewed the Motion and the First Day Declaration and having heard the statements in support of the relief requested therein at a hearing before the Court **on December 20, 2021**, if any (the "Hearing"); and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion and on the record of the Hearing establish just cause for the relief granted herein; and all objections to the Motion, if any, having been withdrawn or overruled; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefore, **[DSJ 12/20/2021]**

        **IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. Subject to the exceptions to the automatic stay contained in section 362(b) of the Bankruptcy Code**, or any other applicable provision,** and **subject to** the right of any party in interest to seek relief from the automatic stay in accordance with section 362(d) of the Bankruptcy Code, all persons (including individuals, partnerships, corporations, and other entities and all those acting on their behalf), whether located within the United States or elsewhere, and governmental units, whether of any foreign country (including any division, department, agency, instrumentality, or service thereof and all those acting on their behalf), or of the United States, any state or locality therein, or any territory or possession thereof, are hereby stayed, restrained, and enjoined from: **[DSJ 12/20/2021]**

    (a)    taking any action, whether inside or outside the United States, to obtain possession of property of the Debtors' estates, wherever located, or to exercise control over property of the estates, wherever located, or interfere in any way with the conduct of the Debtors of their businesses, including, without limitation, attempts to foreclose on the Debtors' assets in any United States or foreign jurisdiction;

(b)     commencing or continuing (including the issuance or employment of process) any judicial, administrative, or other action or proceeding against the Debtors that was or could have been commenced before the commencement of the Chapter 11 Cases;

(c)     enforcing, against the Debtors or against property of their estates, a judgment or order obtained before the commencement of the Chapter 11 Cases;

(d)     taking any action to create, perfect, or enforce against property of the Debtors any lien to the extent that such lien secures a claim that arose prior to the commencement of the Chapter 11 Cases;

(e)     taking any action to collect, assess, or recover a claim against the Debtors that arose prior to the commencement of the Chapter 11 Cases; and

(f)     offsetting any debt owing to the Debtors that arose before the commencement of the Chapter 11 Cases against any claim against the Debtors.

3.     Pursuant to sections 362 and 365 of the Bankruptcy Code, and subject to any relevant provisions or exceptions provided for in the Bankruptcy Code, notwithstanding a provision in a contract ("Contract") or lease ("Lease") or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all Contracts and Leases to which the Debtors are party or signatory, at any time after the commencement of these cases, because of a provision in such Contract or Lease that is conditioned on the (i) insolvency or financial condition of the Debtors at any time before the closing of these cases; or (ii) commencement of these cases under the Bankruptcy Code. Accordingly, all such persons are required to continue to perform their obligations under such Leases and Contracts during the post-petition period.

4.     Pursuant to section 541 of the Bankruptcy Code, all of the Debtors' interests in property, wherever located and by whomever held, are property of the Debtors' estates notwithstanding any agreement, transfer agreement, or applicable law that restricts or conditions transfer of such interests by the Debtor, or that is conditioned on the insolvency or financial condition of the Debtor or on the commencement of these Chapter 11 Cases, or that

effects or gives an option to effect a forfeiture, modification, or termination of any of the Debtors' interest in property.  **[DSJ 12/20/2021]**

5.   Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

6.   For the avoidance of doubt, this Order confirms, but does not enlarge, the provisions or modify the protections of the Bankruptcy Code.

7.   In accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and applicable law, upon request of a party in interest, and after notice and a hearing, this Court may grant relief from the restraints imposed herein in the event that it is necessary, appropriate, and warranted to terminate, annul, modify, or condition the injunctive relief herein.

8.   This Order shall be immediately effective and enforceable upon its entry.

9.   Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(h) and the Local Rules are satisfied by such notice.

10.   The Debtors are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

[*Concludes on the Following Page*]

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:  New York, New York
        December 20, 2021

                                            *s/ David S. Jones*
                                            HONORABLE DAVID S. JONES
                                            UNITED STATES BANKRUPTCY JUDGE