**quinn emanuel** trial lawyers | austin

300 W. 6th Street, Suite 2010, 11th Floor, Austin, Texas 78701 | TEL (737) 667-6100 FAX (737) 667-6110

January 13, 2022

**PRIVATE & CONFIDENTIAL**
**VIA E-MAIL**
**JONES.CHAMBERS@NYSB.USCOURTS.GOV**

The Honorable David S. Jones
United States Bankruptcy Judge
Southern District of New York
One Bowling Green, Courtroom 501
New York, NY 10004-1408

Re:    *In re JPA*, Case No. 21-12075 (DSJ), Discovery Conference January 14, 2022 at 1:00
       p.m.

Dear Chambers:

I write on behalf of FitzWalter Capital Partners (Financial Trading) Limited ("**FWCP**"), the largest
secured creditor of the Debtors in the above-captioned cases, and Security Agent for all secured
creditors of the Debtors. This letter is in regards to the upcoming conference with Chambers that
is scheduled for Friday, January 14, 2022 at 1:00 p.m.

These disputes concern Debtors' unprecedented position in response to FWCP's requests for
production and deposition requests focused on threshold facts concerning both FWCP's Motion to
Dismiss (Dkt. No. 22) ("**Motion to Dismiss**") and the Debtors' Bid Procedures Motion (Dkt. No.
21) ("**Bid Procedures Motion**"). Notwithstanding the fact that each Motion is a contested matter,
Debtors have categorically refused to provide documents or present witnesses for testimony based
on improper "relevance" objections.

*The Commencement Of This Action*

Debtors voluntarily initiated these Chapter 11 proceedings on December 17, 2021 and selected
this Court as the forum, even though they are not domiciled in the United States, have no place of
business in the United States, do not conduct business in the United States, and, as Debtors' filed
schedules of assets and liabilities confirm, have no assets in New York or in United States. In
support of their limited first day motions, Debtors filed the declaration of Teiji Ishikawa ("Mr.
Ishikawa") (Dkt. No. 3) ("**First Day Declaration**"). In it, Mr. Ishikawa declared that he is "the
President and Chief Executive Officer of JP Lease Products & Services Co. Ltd. ('JPL'), the direct
parent company and owner of 100% of the equity interests in the debtors and debtors in possession"
and that he "serve[s] as the Representative Director for each of the Debtors." Mr. Ishikawa's
declaration also stated that he was "authorized to submit this Declaration on behalf of the Debtors,
and, if called to testify, [he] could and would testify competently to the facts set forth herein." Mr.

**quinn emanuel urquhart & sullivan, llp**

ATLANTA | AUSTIN | BOSTON | BRUSSELS | CHICAGO | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI |
MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY |
STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

Ishikawa also signed each of the Debtors' voluntary petitions, and the resolutions, schedules, and statements of financial affairs.

At the First Day hearing , FWCP apprised Debtors of its intention to seek dismissal of these Chapter 11 proceedings. On January 2, 2022, FWCP filed the Motion to Dismiss because (i) the Debtors do not qualify for bankruptcy protection under section 109 of the Bankruptcy Code, and (ii) the Debtors did not initiate these proceedings with a good-faith desire to reorganize their affairs; they initiated these proceedings solely to purportedly address what is effectively a two-party dispute. A hearing on FWCP's Motion to Dismiss is scheduled for Thursday, January 20, 2022. At the same hearing, Debtors' Bid Procedures Motion, which was filed on December 31, 2021, will be heard. As today is the deadline, FWCP is objecting to Debtors' Bid Procedures Motion, and FWCP's objection will contest the factual allegations and assumptions included therein.

### FWCP's Discovery Requests And Debtors' Objections

On Monday, January 3, 2022, FWCP served Debtors with (i) a deposition notice for Mr. Ishikawa, (ii) a 30(b)(6) deposition notice for each Debtor, and (iii) requests for the production of 21 categories of documents. FWCP's document requests seek basic documents and communications concerning (1) Debtors corporate formation, governance, operations, and assets, (2) the commencement of these proceedings, (3) valuations of the Aircraft and Lease Assets, (4) status of the leases and the Aircraft, (5) the sales and marketing process for the Debtors' assets, (6) communications with potential bidders, and (7) the materials that Debtors will rely or seek to introduce in connection with the pending motions. The deposition notices seek similar threshold information concerning the propriety of these proceedings and Debtors' bid procedures.

Debtors have stonewalled all discovery requests and categorically refused to produce documents or witnesses (other than certain bank statements). Debtors' sole objections were relevance and burden grounds. Debtors have refused to produce (i) any documents evidencing communications with the stalking horse bidders or any other bidder, (ii) any documents concerning FWCP or why Debtors commenced these case in this Court; or (iii) any documents concerning payments to Togut and the commencement of these chapter 11 cases. Debtors did not identify any responsive documents that they are withholding based on these objections, they simply stated they would not produce these documents.

### FWCP's Meet And Confer With Debtors

On January 10, 2022, counsel had a discovery meet and confer. Debtors' proposed counsel unequivocally stated that the Debtors would not produce any documents and categorically refused to produce Mr. Ishikawa or any other witnesses for the noticed depositions. Debtors' proposed counsel did not suggest alternate dates for the depositions, or otherwise indicate under what circumstances they would entertain FWCP's requests. FWCP's counsel informed Debtors' proposed counsel that FWCP would proceed with the noticed depositions unless the Debtors moved for relief from their discovery obligations. At no time before or after the January 10, 2022 call did Debtors file a motion to quash, a motion for protection, or propose alternate dates for Mr. Ishikawa's deposition. Debtors did not take any steps to seek affirmative relief from their discovery obligations, even though FWCP's counsel apprised Debtors' proposed counsel that Debtors lacked a legitimate basis to refuse to produce discovery. At 10:00 a.m. ET on January 11,

2022, Mr. Ishikawa's deposition proceeded as scheduled. Neither Mr. Ishikawa nor Debtors' proposed counsel appeared for the deposition. FWCP's counsel noted this on the record. It was only after FWCP's counsel informed Debtors' proposed counsel that they had obtained a certificate of non-appearance that Debtors' brought their objections to the Court's attention.

### Outstanding Discovery Issues

To date, Debtors have not proposed dates for the two 30(b)(6) depositions that FWCP has noticed, or provided any documents responsive to twenty of FWCP's twenty-one requests. FWCP asks this Court to order Debtors to produce responsive documents and present Mr. Ishikawa and the noticed corporate representatives, and continue the hearings in order to provide adequate time. In the alternative, FWCP asks this Court to bar Debtors from presenting any documentary or testimonial evidence at the January 20, 2022 hearings. Any such evidence would need to be produced in conjunction with evidence Debtors possess but do not choose to introduce.

Debtors' attempt to substitute Mr. Loechteken for Mr. Ishikawa and the corporate representatives is improper. Debtors should not be deciding whose testimony is relevant. Further, Mr. Loechteken does not work for and is not a member or officer of Debtors. Mr. Loechteken did not submit the First Day Declaration, authorize the bankruptcy filing, or swear to the accuracy of Debtors' schedules. Further, Debtors have not produced any of the documents or information relevant to Mr. Loechteken's role in this proceeding, whatever that is, that would allow a proper deposition to move forward. Moreover, Debtors could have, but did not, designate Mr. Loechteken as a corporate representative.

Debtors' discovery abuse justifies precluding the admission of any evidence offered by Debtors at the January 20, 2022 hearing or postponing the hearing until such time as Debtors produce responsive documents and witnesses. Absent Debtors' cooperation, FWCP is unable to obtain this information. *In re Momentum Mfg. Corp.*, 25 F.3d 1132, 1136 (2d Cir. 1994) (in the context of Chapter 11, "'[f]ull and fair' disclosure is required during the entire reorganization process; it begins `on day one, with the filing of the Chapter 11 petition."). Accordingly, FWCP respectfully requests this Court's assistance to resolve this dispute.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Asher B. Griffin

AG:ED