SQUIRE PATTON BOGGS (US) LLP

Christopher J. Giaimo
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
Email: christopher.giaimo@squirepb.com

Nava Hazan
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: 212-872-9800
Facsimile:  212-872-9815
Email: nava.hazan@squirepb.com

*Counsel for Mizuho Leasing Co., Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| JPA NO. 111 CO., LTD. and JPA NO. 49 CO., LTD., | Case No. 21-12075 (DSJ) |
| Debtors.[1] | |

**JOINDER OF MIZUHO LEASING CO., LTD. TO DEBTORS' OBJECTION TO THE MOTION OF FITZWALTER CAPITAL PARTNERS (FINANCIAL TRADING) LIMITED TO DISMISS OR ABSTAIN FROM HEARING THESE CHAPTER 11 CASES AND STATEMENT IN SUPPORT OF BIDDING PROCEDURES MOTION**

Mizuho Leasing Co., Ltd. ("Mizuho"), by and through its undersigned counsel, hereby files this joinder (the "Joinder") to the *Debtors' Objection to the Motion of FitzWalter Capital Partners (Financial Trading) Limited to Dismiss or Abstain From Hearing These Chapter 11 Cases* (the "Objection") with respect to the *Motion of FitzWalter Capital Partners (Financial Trading) Limited to Dismiss or Abstain From Hearing These Chapter 11 Cases* [Docket No. 22] (the

---

[1] The Debtors in these cases are JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd.  The Debtors' corporate address is Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100- 0013.

"Motion to Dismiss") and statement in support of the Bidding Procedures Motion (the "Statement" and, together with the Joinder, the "Response").

In support of the Response, Mizuho respectfully states as follows:

1. On December 17, 2021 (the "Petition Date"), the Debtors commenced these Chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2. As further described in the First Day Declaration, to finance the acquisition of their Aircraft, the Debtors entered into various financing, security, and proceeds agreements with numerous lenders, agents, and other parties-in-interest. Specifically, on November 6, 2018, JPA No. 111 Co., Ltd. entered into a senior facility agreement for a senior loan up to $100 million and a junior facility agreement for a junior loan up to $15 million to finance MSN 067.[2] As of January 4, 2022, the outstanding balance under the Junior 067 Loan was approximately $8,920,516. In addition, on December 22, 2017, JPA No. 49 Co., Ltd. entered into a senior facility agreement for a senior loan up to $111 million and a junior facility agreement for a junior loan up to $7.3 million to finance MSN 173. As of January 4, 2022, the outstanding balance under the Junior 173 Loan was approximately $6,841,420. Mizuho is the only Junior Lender under both Junior Facilities, and, as of January 4, 2022, is owed a total of approximately $15,761,935 by the Debtors.[3]

3. On December 31, 2021, the Debtors filed their *Application for Entry of Orders: (I)(A) Approving Bidding Procedures Relating to the Sale of the Aircraft Assets, (B) Establishing Stalking Horse Bidder and Bid Protections; (C) Scheduling an Auction and a Sale Hearing; and (D) Approving the Form and Manner of Notice Thereof; and (II) (A) Approving the Sale of the*

---

[2] All terms not otherwise defined herein shall have the meaning ascribed to them in the *Declaration of Teiji Ishikawa Pursuant to Local Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 3] (the "First Day Declaration") or the Objection, as applicable.

[3] As of January 12, 2022, Credit Agricole Corporate & Investment Bank is the agent for the Junior Facilities.

*Aircraft Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (B) Granting Related Relief* [Docket No. 21] (the "<u>Bidding Procedures Motion</u>").

4. In the Bidding Procedures Motion, the Debtors represent that they have identified a stalking horse bidder who has agreed to purchase substantially all of the Debtors' assets, subject to higher and better offers, at a price that will satisfy the Senior Facilities and the Junior Facilities in full and may provide a recovery to equity. Based on the representations made by the Debtors in the Bidding Procedures Motion, as the only holder of the Junior Facilities, Mizuho supports the sale process proposed by the Debtors in the Bidding Procedures Motion because, unlike the pre-petition process initiated by FitzWalter Capital Partners (Financial Trading) Limited ("<u>FitzWalter</u>"), it seeks to maximize recoveries for the benefit of *all* creditors, including Mizuho, in an efficient, controlled and transparent fashion.

5. On January 2, 2022, FitzWalter filed the Motion to Dismiss, notably *after* the filing of the Bidding Procedures Motion which seeks to pay FitzWalter in full. This is inconsistent with the actions of a traditional lender seeking a recovery on its investment and is more consistent with the actions of an acquirer of distressed assets, which is what FitzWalter appears to be. Indeed, FitzWalter seeks to dismiss these Chapter 11 cases in an effort to revert to the *status quo ante*, namely the Foreclosure Sale on the Debtors' contractual rights as they relate to the Aircraft and, eventually, the Aircraft themselves, which sale FitzWalter initiated for its own benefit.

6. Mizuho was never provided a notice by FitzWalter with respect to its attempt to pursue the Foreclosure Sale and does not believe that such sale process will lead to maximized recoveries for the Debtors' creditors, nor that it was designed for that purpose. Rather, it appears to have been designed solely as a means for FitzWalter to obtain title to the Aircraft at the lowest possible price, irrespective of the rights of the other secured parties, a process that was initiated

when FitzWalter acquired a portion of the Senior Facility only days before the Petition Date. Accordingly, FitzWalter's actions, including the filing of the Motion to Dismiss, needs to be viewed through the prism of an acquirer, not a lender.

7. Not surprisingly then, it is not correct for FitzWalter to assert, as it does in the Motion to Dismiss, that "none of the secured creditors have legitimate interests in these cases that would compete with, or diverge from, [FitzWalter's] interests, and they do not need the protections of the Bankruptcy Code or this Court to assist in maximizing their recoveries." *See* Motion to Dismiss, page 17. This is far from the truth. Mizuho actually supports an efficient and transparent sale process which will maximize recovery and protect all the secured creditors' interests as proposed by the Debtors in the Bidding Procedures Motion and does not believe that the Foreclosure Sale was designed to, or actually will, achieve maximized recoveries. Mizuho submits that FitzWalter acts here as an acquirer and not a lender, as a traditional lender would arguably support a bankruptcy sale process, especially one that provides for a stalking horse bid that pays all secured debt in full, as proposed in the Bidding Procedures Motion.

8. Because FitzWalter should be viewed as a purchaser rather than a lender, Mizuho respectfully submits that the Motion to Dismiss should be denied and the bankruptcy sale process be permitted to play out. In addition, this Court should not allow FitzWalter to delay the proposed sale process through any tactics. As a lender - and a potential purchaser, FitzWalter is protected by section 363(k) of the Bankruptcy Code and can freely participate in the sale process to not only protect its interests, but to acquire the assets it clearly seeks to own. At a minimum, any hearing on the Motion to Dismiss should be continued after the hearing on the approval of the sale proposed by the Debtors. Only at that time will the parties' respective rights be clearly established. If the sale closes on the stalking horse terms, or FitzWalter credit bids above competing offers, the

Motion to Dismiss will be moot. To address the Motion to Dismiss at this procedural stage is premature and detrimental to the Debtors' stakeholders.

9. Accordingly, by this Response, Mizuho hereby joins in, adopts and incorporates by reference the Objection and all the arguments therein, to the extent applicable, as well as those set forth herein, and requests that this Court deny the Motion to Dismiss without prejudice, with all such rights being reserved for further adjudication after the sale process is allowed to play out. Mizuho also respectfully requests that this Court approve the Bidding Procedures Motion to allow for a speedy, transparent and efficient value-maximizing sale process designed for the benefit of all creditors, including Mizuho.

10. Finally, Mizuho reserves its rights to make any additional arguments in support of the relief requested herein at the hearing scheduled for the Motion to Dismiss and the Bidding Procedures Motion.

WHEREFORE, for the reasons stated herein, Mizuho respectfully requests that this Court deny the Motion to Dismiss, approve the Bidding Procedures Motion and grant any other relief that this Court deems just and proper.

Dated: January 13, 2022

**SQUIRE PATTON BOGGS (US) LLP**

*/s/ Christopher J. Giaimo*
Christopher J. Giaimo
2550 M Street, NW
Washington, DC 20037
Telephone: (202) 457-6000
Facsimile: (202) 457-6315
Email: christopher.giaimo@squirepb.com

Nava Hazan
1211 Avenue of the Americas, 26th Floor
New York, NY 10036
Telephone: 212-872-9800
Facsimile: 212-872-9815
Email: nava.hazan@squirepb.com

*Counsel for Mizuho Leasing Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of January, 2022, I caused a true and correct copy of the foregoing **JOINDER OF MIZUHO LEASING CO., LTD. TO DEBTORS' OBJECTION TO THE MOTION OF FITZWALTER CAPITAL PARTNERS (FINANCIAL TRADING) LIMITED TO DISMISS OR ABSTAIN FROM HEARING THESE CHAPTER 11 CASES AND STATEMENT IN SUPPORT OF BIDDING PROCEDURES MOTION** to be filed and served through ECF notification upon all parties who receive notice in this matter pursuant to the Court's CM/ECF filing system.

*/s/ Christopher J. Giaimo*
Christopher J. Giaimo