**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| JPA NO. 111 CO., LTD., and | : | Case No. 21-12075 (DSJ) |
| JPA NO. 49 CO., LTD., | : |  |
|  | : | (Jointly Administered) |
| Debtors[1]. | : |  |
|  | : |  |

**DECLARATION OF BENJAMIN I. FINESTONE IN SUPPORT OF PRELIMINARY OBJECTION OF FITZWALTER CAPITAL PARTNERS (FINANCIAL TRADING) LIMITED TO DEBTORS' APPLICATION FOR ENTRY OF ORDERS (I)(A) APPROVING BIDDING PROCEDURES RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS; (B) ESTABLISHING STALKING HORSE BIDDERS AND BID PROTECTIONS; (C) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (D) AUTHORIZING ENFORCEMENT ACTIONS; (E) SCHEDULING AN AUCTION AND SALE HEARING; AND (F) APPROVING THE FORM AND MANNER OF NOTICE THEREOF; AND (II)(A) APPROVING THE SALE OF THE PURCHASED ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES; AND (B) <u>GRANTING RELATED RELIEF</u>**

---

[1] The Debtors in these Chapter 11 cases are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is: Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

I, Benjamin I. Finestone, hereby declare pursuant to 28 U.S.C. § 1746 as follows:

1. I submit this declaration in support of FitzWalter Capital Partners (Financial Trading) ("**FWCP**") Limited's *Preliminary Objection to the Debtors' Application For Entry Of Orders (I)(A) Approving Bidding Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Establishing Stalking Horse Bidders and Bid Protections; (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Authorizing Enforcement Actions; (E) Scheduling an Auction and Sale Hearing; and (F) Approving the Form and Manner of Notice Thereof; and (II)(A) Approving the Sale of the Purchased Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (B) Granting Related Relief* (the "**Objection**"). Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2. I am a partner at the law firm Quinn Emanuel Urquhart & Sullivan, LLP, counsel to FWCP in the above-captioned case.

3. Attached to this declaration as Exhibit 1 is a true and correct copy of the Opinion on English Law of Akhil Shah, Queen's Counsel ("QC").

4. Attached to this declaration as Exhibit 2 is a true and correct copy of the Aircraft Head Lease Deed between JLPS Leasing Uranus Limited f/k/a PAAL Uranus Company Limited and Debtor JPA No. 49 Co., Ltd., dated December 29, 2017.

5. Attached to this declaration as Exhibit 3 is a true and correct copy of the Aircraft Head Lease Deed between JLPS Leasing Draco Limited f/k/a DAE Leasing (Ireland) 12 Limited and Debtor JPA No. 111 Co., Ltd., dated November 19, 2018.

2

6. Attached to this declaration as Exhibit 4 is a true and correct copy of the Sublease Agreement between JLPS Leasing Uranus Limited f/k/a PAAL Uranus Company Limited and Vietnam Airlines JSC, dated August 1, 2017.

7. Attached to this declaration as Exhibit 5 is a true and correct copy of the Sublease Agreement between JLPS Leasing Draco Limited f/k/a DAE Leasing (Ireland) 12 Limited and Vietnam Airlines JSC, dated December 4, 2016.

8. Attached to this declaration as Exhibit 6 is a true and correct copy of FWCP's First Request for Documents to JPA No. 111 Co., Ltd., dated January 3, 2022.

9. Attached to this declaration as Exhibit 7 is a true and correct copy of FWCP's First Request for Documents to JPA No. 49 Co., Ltd., dated January 3, 2022.

10. Attached to this declaration as Exhibit 8 is a true and correct copy of FWCP's Notice for Rule 30 Deposition of Teiji Ishikawa, dated January 3, 2022.

11. Attached to this declaration as Exhibit 9 is a true and correct copy of FWCP's Notice of Rule 30(b)(6) Deposition of JPA No. 111 Co., Ltd., dated January 3, 2022.

12. Attached to this declaration as Exhibit 10 is a true and correct copy of FWCP's Notice of Rule 30(b)(6) Deposition of JPA No. 49 Co., Ltd., dated January 3, 2022.

13. Attached to this declaration as Exhibit 11 is a true and correct copy of JPA No. 111 Co., Ltd.'s Responses And Objections to FWCP's First Request for Production of Documents, dated January 7, 2022.

14. Attached to this declaration as Exhibit 12 is a true and correct copy of JPA No. 49 Co., Ltd.'s Responses And Objections to FWCP's First Request for Production of Documents, dated January 7, 2022.

15. Attached to this declaration as Exhibit 13 is a true and correct copy of the Certificate of No Appearance for Mr. Ishikawa's Rule 30 Deposition, dated January 11, 2022.

16. Attached to this declaration as Exhibit 14 is a true and correct of Debtors' Responses and Objections to FWCP's Notice of 30(b)(6) Deposition of JPA No. 111 Co., Ltd., dated January 7, 2022.

17. Attached to this declaration as Exhibit 15 is a true and correct copy Debtors' Responses and Objections to FWCP's Notices of 30(b)(6) Depositions of JPA No. 49 Co., Ltd., dated January 7, 2022.

18. Attached to this declaration as Exhibit 16 are true and correct copies of the Bid Procedures Order entered at docket number 120 in the case *In re A.B.C. Carpet Co., Inc., et al.*, Case No. 21-11591 (DSJ) (Bankr. S.D.N.Y. Oct. 1, 2021), and relevant provisions of the Stalking Horse Asset Purchase Agreement entered at docket number 18-2 in the same case.

19. Attached to this declaration as Exhibit 17 are true and correct copies of the Bid Procedures Order entered at docket number 202 in the case *In re Fairway Group Holdings Corp.*, Case No. 20-10161 (JLG) (Bankr. S.D.N.Y. Feb. 21, 2020), and relevant provisions of the Stalking Horse Asset Purchase Agreement entered at docket number 21, Exhibit C, in the same case.

20. Attached to this declaration as Exhibit 18 are true and correct copies of the Bid Procedures Order entered at docket number 111920 in the case *In re Hooper Holmes, Inc. d/b/a Provant Health*, Case No. 18-23302 (RDD) (Bankr. S.D.N.Y. Sept. 20, 2018), and relevant provisions of the Stalking Horse Asset Purchase Agreement entered at docket number 119-1 in the same case.

21. Attached to this declaration as Exhibit 19 are true and correct copies of the Bid Procedures Order entered at docket number 223 in the case *In re Nine West Holdings, Inc.*, Case

No. 18-10947 (SCC) (Bankr. S.D.N.Y. May 7, 2018), and relevant provisions of the Stalking Horse Asset Purchase Agreement entered at docket number 20, Exhibit B, in the same case.

22. Attached to this declaration as Exhibit 20 are true and correct copies of the Bid Procedures Order entered at docket number 356 in the case *In re Avaya, Inc.*, Case No. 17-10089 (SMB) (Bank. S.D.N.Y. Apr. 5, 2017), and relevant provisions of the Stalking Horse Asset Purchase Agreement entered at docket number 223-1 in the same case.

23. Attached to this declaration as Exhibit 21 are true and correct copies of the Bid Procedures Order entered at docket number 2216-2 in the case *In re Hostess Brands, Inc.*, Case No. 12-22052 (Bankr. S.D.N.Y. Jan. 28, 2013), and relevant provisions of the Stalking Horse Asset Purchase Agreement entered at docket number 2078 in the same case.

24. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 13th day of January 2022, at New York, New York.

*/s/ Benjamin I. Finestone*
Benjamin I. Finestone

Partner, Quinn Emanuel Urquhart & Sullivan LLP

*Counsel to FitzWalter Capital Partners (Financial Trading) Limited*