TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Kyle J. Ortiz
Amanda C. Glaubach
Eitan E. Blander

*Proposed Counsel to the Debtors*
*and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD.,<br><br>Debtors.¹ | Chapter 11<br><br>Case No.: 21-12075 (DSJ)<br><br>Jointly Administered |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER
AUTHORIZING EMPLOYMENT AND RETENTION OF
TOGUT, SEGAL & SEGAL LLP AS COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

JPA No. 111 Co., Ltd., and JPA No. 49 Co. Ltd., the debtors and debtors in possession in above-captioned cases (together, the "Debtors"), hereby make this application (this "Application"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), authorizing the Debtors to retain and employ Togut, Segal & Segal LLP (the "Togut Firm") as

---

¹ The Debtors in these Chapter 11 Cases are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is: Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

restructuring and bankruptcy counsel for the Debtors, effective as of the Petition Date (as defined herein), in accordance with the terms and conditions set forth in the Engagement Letters, dated as of December 15, 2021 between the Togut Firm and each of the Debtors, copies of which are attached to the Ortiz Declaration (as defined below) as **Exhibit 1-A and Exhibit 1-B** (the "Engagement Letters").

In support of the Application, the Debtors rely upon and incorporate by reference: (i) the Declaration of Kyle J. Ortiz, a member of the Togut Firm admitted to practice in this Court, a copy of which is attached hereto as **Exhibit B** (the "Ortiz Declaration"); and (ii) the Declaration of Teiji Ishikawa attached hereto as **Exhibit C** (the "Ishikawa Declaration"). In further support of this Application, the Debtors respectfully represent that:

## JURISDICTION AND VENUE

1. This United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.) (the "Amended Standing Order"). This is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with the Application to the extent that it is later determined that the Court, absent the consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of these Chapter 11 Cases and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The legal predicates for the relief requested herein are Bankruptcy Code sections 327(a) and 328(a), and Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1.

## BACKGROUND

4. On December 17, 2021 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtors continue to manage their affairs as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. These Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the *Order Directing Joint Administration of the Debtors' Chapter 11 Cases* [Docket No. 13].

7. No trustee or examiner has been appointed in these Chapter 11 Cases. As of the date hereof, no official creditors' committee has been appointed.

8. The factual background regarding the Debtors, including their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in the First Day Declaration [Docket No. 3].

## RELIEF REQUESTED

9. Pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to employ and retain the Togut Firm as the Debtors' bankruptcy counsel in these Chapter 11 Cases, effective as of the Petition Date.

3

## TOGUT FIRM'S QUALIFICATIONS

10. The Debtors have selected the Togut Firm because the firm's practice is highly specialized and is limited, almost exclusively, to matters pending in the Bankruptcy Courts. The Togut Firm's experience in representing debtors of similar size to the Debtors and pursuing value maximizing transactions is of particular relevance.

11. For more than 40 years, the Togut Firm has actively been involved in numerous major bankruptcy cases, and has represented debtors, official committees, and creditors in many cases in this Court as lead counsel, co-counsel, or conflicts counsel, including, without limitation: *In re Greensill Capital*, Case No. 21-10561 (MEW); *In re Zuca Properties LLC*, Case No. 21-11082 (MG); *In re LATAM Airlines Group S.A.*, Case No. 20- 11252 (JLG); *In re The McClatchy Co.*, Case No. 20-10418 (MEW); *In re Aurora Commercial Corp.*, Case No. 19-10843 (SCC); *In re Trident Holding Co., LLC*, Case No. 19-10384 (SHL); *In re Synergy Pharmaceuticals Inc.*, Case No. 18-14010 (JLG); *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW); *In re Westinghouse Elec. Co. LLC*, Case No. 17-10751 (MEW); *In re Toisa Ltd.*, Case No. 17-10184 (SCC); *In re Avaya Inc.*, Case No. 17-10089 (SMB); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB); *In re Aéropostale, Inc.*, Case No. 16-11275 (SHL); *In re Relativity Fashion, LLC*, Case No. 15-11989 (MG); *In re NII Holdings, Inc.*, Case No. 14-12611 (SCC); *In re Eastman Kodak Co.*, Case No. 12-10202 (ALG); *In re Dewey & LeBoeuf, LLP*, Case No. 12-12321 (MG); *In re Grubb & Ellis Co.*, Case No. 12- 10685 (MG); *In re AMR Corp.*, Case No. 11-15463 (SHL); *In re MSR Resort Golf Course, LLC*, Case No. 11-10372 (SHL); *In re Saint Vincents Catholic Medical Centers of New York*, Case No. 10-11963 (CGM); *In re Abitibibowater Inc.*, Case No. 09-11296 (KJC); *In re Motors Liquidation Company, (f/k/a General Motors Corp.)*, Case No. 09-50026 (REG); *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (SMB); *In re*

*Tronox Inc.,* Case No. 09-10156 (ALG); *In re Our Lady of Mercy Medical Center*, Case No. 07-10609 (REG); *In re Saint Vincent Catholic Medical Centers of New York*, Case No. 05-14945 (CGM); *In re Delphi Corp.,* Case No. 05-44481 (RDD); *In re Tower Automotive, Inc.,* Case No. 05-10578 (ALG); *In re Orion Telecommunications Corp.,* Case No. 04-12203 (SMB); *In re Allegiance Telecom, Inc.,* Case No. 03-13057 (RDD); *In re Ames Department Stores*, Case No. 01-42217 (REG); *In re Loews Cineplex Entertainment Corp.,* Case No. 01-40346 (ALG); *In re Onsite Access, Inc.*, Case No. 01-12879 (RDD); *In re Enron Corp.,* Case No. 01-16034 (AJG); and *In re Daewoo International (America) Corp.,* Case No. 00-11050 (BRL).

12. The members of the Togut Firm, as well as counsel to and associates of the Togut Firm, who will be staffed on these Chapter 11 Cases, are members in good standing of the Bar of the State of New York and the United States District Court for the Southern District of New York.

13. As set forth in the Ortiz Declaration, the Togut Firm is willing to act as bankruptcy counsel to the Debtors in these Chapter 11 Cases and to render the necessary professional services described herein.

### SERVICES TO BE PROVIDED

14. The Togut Firm will provide legal counsel to the Debtors in connection with, among other things:

- their powers and duties as debtors in possession;

- preparing and filing on the Debtors' behalf motions, applications, answers, proposed orders, reports and papers necessary to represent the Debtors' interests;

- attending meetings and negotiating with representatives of creditors and other parties-in-interest;

- preparing and filing the Debtors' Schedules of Assets and

5

       Liabilities and Statements of Financial Affairs;

- obtaining Court approval for the retention of the Debtors' professionals as may be needed;

- reconciling and, if appropriate, objecting to, claims filed against the Debtors;

- effectuating the assumption, assignment, and rejection, as appropriate, of executory contracts and unexpired leases;

- negotiating, seeking Court approval, and consummating the sale of the Debtors' assets, subject to higher or better offers;

- negotiating a Chapter 11 plan and seeking confirmation of same;

- appearing before this Court and any appellate courts to protect the interests of the Debtors' estate in connection with restructuring matters;

- responding to inquiries from creditors and counsel to interested parties regarding pending assigned matters;  and

- performing other necessary legal services for assigned matters and providing other necessary legal advice to the Debtors in connection with these Chapter 11 Cases.

## **PROFESSIONAL COMPENSATION**

15. During these Chapter 11 Cases, the Togut Firm will file applications for allowance of compensation and reimbursement of actual and necessary expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any orders of this Court, and, to the extent required by the foregoing, the *Appendix B Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C § 330 by Attorneys in Large Chapter 11 Cases* (the "Appendix B Guidelines"), for all services performed and expenses incurred as attorneys for the Debtors.

16. Pursuant to section 328(a) of the Bankruptcy Code, the Debtors may retain the Togut Firm on any reasonable terms and conditions. *See* 11 U.S.C. § 328(a). The Debtors and the Togut Firm have agreed that the Togut Firm will be paid its customary hourly rates for services rendered that are in effect from time to time, as set forth in the Ortiz Declaration and the Engagement Letters, and will be reimbursed according to the Togut Firm's customary reimbursement policies. The Debtors believe that the proposed terms of the Togut Firm's retention are reasonable.

17. As described in the Ortiz Declaration and the Engagement Letters, on December 15, 2021,[2] the Togut Firm was paid retainers in the amount of $250,000 on behalf of each Debtor (the "Retainers"); because these cases were filed on an emergency basis, such payments were advanced by the Debtors' parent company, JP Lease Product Services Co., Ltd. ("JPL") on behalf of the Debtors.[3] The Retainers are security retainers. The Retainers were not drawn on the Petition Date. The Retainers will first be applied to the Togut Firm's pre-petition fees and expenses and thereafter to its post-petition fees and expenses pursuant to the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the orders of this Court. Any balance remaining from the Retainers at the conclusion of its services will be returned to the Debtors by the Togut Firm.

18. Pursuant to section 330(a)(1) of the Bankruptcy Code, the Court may award reasonable compensation for actual and necessary expenses and services

---

[2] Although the retainers were sent on December 16, 2021 from Tokyo they arrived in the Togut Firm's retainer account on December 15, 2021 due to the 14 hour time difference.

[3] Both the Ortiz Declaration and the Ishikawa Declaration contain "*Lar-Dan*" disclosures providing that the Retainer funds are property of the estate, that JPS provided the funds but understands that the Togut Firm's undivided loyalties are to the Debtors. Any remaining Retainer at the completion of these Chapter 11 Cases will be returned to the Debtors and not JPL.

rendered in conjunction with these Chapter 11 Cases. The Togut Firm's current hourly rates and reimbursement policies are what the general marketplace for legal services pays the Togut Firm in other matters every day and are reasonable. The Togut Firm's hourly rates range from $890 to $1,270 for partners, $795 to $975 for counsel, $435 to $830 for associates, and $195 to $400 for paralegals and law clerks. The Debtors understand that these rates are below what is typically charged by New York firms with comparable experience. The Debtors and the Togut Firm acknowledge that the U.S. Trustee, any Creditors' Committee appointed, and parties in interest shall retain their rights to object to any interim or final compensation and reimbursement request by the Togut Firm on the basis of reasonableness under section 330 of the Bankruptcy Code, and the Court retains the right to review any such requests for reasonableness.

19.     In addition to payment of the Togut Firm's fees, the Togut Firm will also seek reimbursement for actual, necessary expenses pursuant to section 330(a)(1)(B) of the Bankruptcy Code, including the expenses of any experts engaged by or on behalf of the Debtors or the Togut Firm in connection with its services for the Debtors to address, among other things, issues under the laws of the United Kingdom.

20.     The Togut Firm typically reviews its hourly rate annually in January of each year to determine if any adjustments should be made. Prior to applying any increases in its hourly rates beyond the rates set forth above, the Togut Firm shall provide ten days' notice of any such increases to the Debtors, the U.S. Trustee, counsel to any statutory committees appointed in these Chapter 11 Cases and file such notice with the Court. The Debtors and the Togut Firm acknowledge that the U.S. Trustee, any official committee, if one is appointed, and parties in interest shall retain all rights to object to such rate increase.

**THE TOGUT FIRM'S DISINTERESTEDNESS**

21. To the best of the Debtors' knowledge, and based upon the Ortiz Declaration, the Togut Firm does not represent or hold any interest adverse to the Debtors or their estate with respect to the matters on which the firm is to be employed. Further, to the best of the Debtors' knowledge and based on the Ortiz Declaration, the Togut Firm does not have any connection with any creditors or other parties in interest, or their respective attorneys or accountants, or the U.S. Trustee or any of its employees, except as set forth in the Ortiz Declaration.

22. Specifically, as set forth in the Ortiz Declaration, the Togut Firm, its members, counsel, and associates:

   (a) are not prepetition creditors, equity holders, or insiders of the Debtors;

   (b) are not and were not, within two years before the date of the filing of the Debtors' Chapter 11 petition, trustees, officers or employees of the Debtors; and

   (c) do not have an interest materially adverse to the interests of the Debtors' estate or of any class of creditors or equity holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

23. Except as may be set forth in the Ortiz Declaration, the Togut Firm has represented to the Debtors that it has not represented and will not represent any parties other than the Debtors in these cases or in connection with any matters that would be adverse to the Debtors arising from, or related to, these cases.

24. Based on the Ortiz Declaration, the Debtors submit that the Togut Firm is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtors have been informed that the Togut Firm will conduct an ongoing review of its files to

9

ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, the Togut Firm will supplement its disclosure to the Court.

## BASIS FOR RELIEF

25. The Debtors seek approval of the Togut Firm's retention and compensation structure pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. Section 327(a) of the Bankruptcy Code provides, in relevant part:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

11 U.S.C. § 327(a).

26. The Debtors seek approval of the compensation structure as set forth in this Application pursuant to section 328(a) of the Bankruptcy Code. Section 328(a) of the Bankruptcy Code provides, in relevant part, that the Debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis" subject to later re-evaluation by the Court.  11 U.S.C. § 328(a).

27. Moreover, Bankruptcy Rule 2014 requires that an application for retention include "specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States

10

trustee, or any person employed in the office of the United States Trustee." Fed. R. Bankr. P. 2014. This Application and the Ortiz Declaration set forth the information required under Bankruptcy Rule 2014.

28. The Debtors respectfully submit that they should be authorized to retain and employ the Togut Firm in accordance with the terms and conditions set forth in this Application and the Engagement Letters. As discussed above and in the Ortiz Declaration, the Togut Firm satisfies the disinterestedness standard in section 327(a) of the Bankruptcy Code. The terms and conditions of the engagement were negotiated by the Debtors and the Togut Firm at arm's-length and in good faith. Furthermore, the Debtors believe that the compensation set forth in this Application appropriately reflects the nature and scope of services to be provided by the Togut Firm, reflects the Togut Firm's significant experience as counsel in Chapter 11 cases, and is commensurate with general marketplace rates for legal services. In light of the foregoing, the Debtors understand that the terms and conditions of the Togut Firm's retention are fair, reasonable, and market-based under the standards set forth in section 328(a) of the Bankruptcy Code.

## **RETROACTIVE RETENTION**

29. The Debtors submit that employment of the Togut Firm effective as of the Petition Date is warranted under the circumstances of these Chapter 11 Cases, so that the Togut Firm may be compensated for its services since the Petition Date and until to entry of an order approving the Togut Firm's retention. Upon the filing of these Chapter 11 Cases, it was necessary for the Togut Firm to assist the Debtors in, among other things, obtaining immediate "First Day" relief and negotiating the terms of purchase and sale of the Debtors' assets. As the Court is aware, the Debtors have filed a motion for orders approving bidding procedures in connection with a stalking horse

offer, which, if approved, will pay all creditors the allowed amount of their claims in full, plus an additional five million dollars ($5,000,000.00) for the estates. Thus, retention effective as of the Petition Date is appropriate here.

30. Further, the Debtors submit that no party in interest will be prejudiced by the granting of the relief effective as of the Petition Date employment because the Togut Firm has provided, and will continue to provide, valuable services to the Debtors' estates in the interim period. Courts in this jurisdiction routinely approve employment effective as of the Petition Date similar to that requested herein. *See, e.g., In re Greensill, etc.,* Case No. 21-10561 (MEW) (Bankr. S.D.N.Y. April 21, 2021); *In re LATAM Airlines Group S.A.*, Case No. 20-11252 (JLG) (Bankr. S.D.N.Y. June 30, 2020); *In re The McClatchy Co.*, Case No. 20-10418 (Bankr. S.D.N.Y. Mar. 27, 2020); *In re Aurora Commercial Corp.*, Case No. 19-10843 (SCC) (Bankr. S.D.N.Y. May 9, 2019); *In re Trident Holding Co., LLC*, Case No. 19-10384 (SHL) (Bankr. S.D.N.Y. Mar. 8, 2019); *In re Pacific Drilling S.A.*, Case No. 17-13193 (MEW) (Bankr. S.D.N.Y. Dec. 15, 2017); *In re Westinghouse Elec. Co. LLC*, Case No. 17-10751 (MEW) (Bankr. S.D.N.Y. May 24, 2017); *In re SunEdison, Inc.*, Case No. 16-10992 (SMB) (Bankr. S.D.N.Y. June 8, 2016); *In re Relativity Fashion, LLC*, Case No. 15-11989 (MEW) (Bankr. S.D.N.Y. Sept. 17, 2015); *In re NII Holdings, Inc.*, Case No. 14-12611 (SCC) (Bankr. S.D.N.Y. Nov. 14, 2014); *In re AMR Corp.*, Case No. 11-15463 (SHL) (Bankr. S.D.N.Y. Mar. 7, 2012); *In re Old Carco LLC (f/k/a Chrysler LLC)*, Case No. 09-50002 (AJG) (Bankr. S.D.N.Y. May 20, 2009).

31. Based on the foregoing, the Debtors respectfully submit that they have satisfied the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules to support entry of an order authorizing the Debtors to retain and employ the Togut Firm on the terms described herein, effective as of the Petition

Date, and on the terms and conditions set forth in this Application and the Engagement Letters is in the best interests of the Debtors.

### STATEMENT REGARDING UNITED STATES TRUSTEE GUIDELINES

32. The Togut Firm shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any other application procedures and orders of the Court. The Debtors and the Togut Firm also intend to make reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Appendix B Guidelines, both in connection with this Application and the interim and final fee applications to be filed by the Togut Firm in the course of its engagement.

33. The applicant statement referenced in Part D.1 of the Appendix B Guidelines is addressed in the Ortiz Declaration, annexed as **Exhibit B** in support of this Application. The verified client statement referenced in Part D.2 of the Appendix B Guidelines is addressed in the Ishikawa Declaration, annexed as **Exhibit C** in support of this Application.

34. As these Chapter 11 Cases continue to develop, the Togut Firm will formulate a budget and staffing plan for this proposed engagement, which it will review with the Debtors as contemplated by Part E of the Appendix B Guidelines (which budget and staffing plan may be amended as necessary to reflect changed circumstances or unanticipated developments). Any disclosure of such budget and staffing plan will be retrospective only in conjunction with the filing of fee applications by the Togut Firm.

35. It is the Debtors' and the Togut Firm's intention to work cooperatively with the U.S. Trustee to address the concerns that prompted the Executive Office for United States Trustees ("EOUST") to adopt the Appendix B Guidelines.

## NOTICE

36. Notice of this Application shall be given to: (a) the U.S. Trustee; (b) the parties listed in the list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases; (c) the parties listed in the holders of the Debtors' five (5) largest secured claims; (d) the Internal Revenue Service; and (e) any such other party entitled to notice pursuant to Local Bankruptcy Rule 9013-1(b). The Debtors submit that no other or further notice need be provided..

## NO PRIOR REQUEST

37. No previous request for the relief sought herein has been made to this Court or any other court.

[*Concludes on Following Page*]

**CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Application and such other and further relief as may be just and proper.

DATED:   New York, New York
         January 20, 2022

JPA NO. 111 CO., LTD. and
JPA NO. 49 CO., LTD.
*Debtors and Debtors in Possession*

By:

*/s/ Teiji Ishikawa*
Name:  TEIJI ISHIKAWA
Title:  REPRESENTATIVE DIRECTOR


APPROVED AS TO FORM
TOGUT, SEGAL, & SEGAL, LLP
*Proposed Counsel for the
Debtors and Debtors in Possession*

By:

*/s/ Kyle J. Ortiz*
Kyle J. Ortiz
A Member of the Firm