UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD.,<br><br>      Debtors.[1] | Chapter 11<br><br>Case No.: 21-12075 (DSJ)<br><br>(Jointly Administered) |

**SUPPLEMENTAL DECLARATION OF HEINRICH LOECHTEKEN IN SUPPORT OF DEBTORS' (I) OBJECTION TO THE MOTION OF FITZWALTER CAPITAL PARTNERS (FINANCIAL TRADING) LIMITED TO DISMISS OR ABSTAIN FROM HEARING THESE CHAPTER 11 CASES AND (II) APPLICATION FOR ENTRY OF ORDERS, *INTER ALIA*, APPROVING BIDDING PROCEDURES RELATING TO THE SALE OF SUBSTANTIALLY ALL OF THE DEBTORS' ASSETS**

I, Heinrich Loechteken, being duly sworn, hereby depose and state:

1. I make this supplemental declaration (the "Supplemental Declaration") in support of the Debtors' objection to FitzWalter's Motion to Dismiss (the "Objection") [Docket No. 53] and the Debtors' Bidding Procedures Motion [Docket No. 21]. This Supplemental Declaration incorporates by reference my January 10, 2022 Declaration in support of the Bidding Procedures Motion (the "Initial Declaration") [Docket No. 44].[2]

2. The statements in this Supplemental Declaration are based on my personal knowledge, belief, or opinion; information that I have received from the Debtors' advisors and professionals; or from the records maintained in the ordinary course of business of the Debtors and/or their affiliates.

---

[1] The Debtors in these Chapter 11 cases are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is: Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection and my Initial Declaration.

3. I am not being compensated for providing this Supplemental Declaration or testimony. If I were called upon to testify, I could and would testify competently to the facts set forth herein. I am authorized to submit this Declaration on behalf of the Debtors.

I. **The Purpose of these Chapter 11 Cases**

4. As the CEO of JLPSI, I was personally involved in the Debtors' decisions to file for chapter 11 bankruptcy protection. JLPSI manages or assists with the management of the Debtors and other similarly structured affiliates of the Debtors, all of which are subsidiaries of JPL. Prior to the filing of these Chapter 11 Cases, I engaged in extensive internal discussion with Debtors' counsel and other Debtor representatives about the chapter 11 bankruptcy process and consequences of filing for bankruptcy relief.

5. In consultation with their advisors and counsel, the Debtors filed these Chapter 11 Cases in order to halt the attempted enforcement sale that FitzWalter had commenced on December 10, 2021, which the Debtors determined posed a threat of irreparably diminishing the value of their assets, to the detriment of all the Debtors' creditors and equity holders except for FitzWalter.

6. Specifically, on or about December 14, 2021, three days before the Petition Date, the Debtors learned for the first time that FitzWalter, which had recently acquired its majority position in both Senior Facilities from CACIB, had commenced a security enforcement sale process with respect to only a portion of the collateral, the Lease Assets (the "Security Enforcement Sale"). The Debtors and their affiliates were not provided notice of the Security Enforcement Sale. Rather, the Debtors learned of the pending Security Enforcement Sale from certain individuals at JPL who had independently contacted Airborne, the sales agent for the Security Enforcement Sale,

2

regarding an online posting that referenced a pending sale of the Aircraft overseen by Airborne.  In response to the query by individuals at JPL, Airborne provided two documents, a document describing the sales procedures for the Security Enforcement Sale and a non-disclosure agreement form.   True and correct copies of these two documents are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

7. The Debtors concluded that FitzWalter's planned sale process would not maximize the value of the Debtors' assets and posed a risk of impairing the Debtors' creditors under the Junior Facilities (and possibly, other Lenders under the Senior Facilities), as well as the Debtors' equity investors.  The Debtors also concluded that the Security Enforcement Sale would disrupt the long-term lease renegotiations in which the Debtors had engaged with Vietnam Airlines, as well as Vietnam Airlines' ability to continue to operate the Aircraft.

8. The Debtors also decided to file these Chapter 11 Cases so that the Debtors' assets could be marketed and sold so that all of the Debtors' creditors could be paid in full, not just FitzWalter.

9. The Debtors likewise determined that a chapter 11 proceeding would provide an appropriate forum for a collective proceeding, in which all classes of creditors could be heard, as well as a controlled and transparent sales process overseen by a bankruptcy court.

10. In short, the Debtors filed these Chapter 11 Cases to avoid the Security Enforcement Sale and to ensure a fair and open sales process for the benefit of all creditors and equity holders.

**II.    Bidding Procedures**

11. I was personally and directly involved in the Debtors' negotiation of, and decision to accept, the Term Sheet and Bidding Procedures.  That decision was

3

based on extensive internal discussions among Teiji Ishikawa, the Representative Director of both Debtors, Debtors' counsel, myself, and other employees and professionals of JPLSI and JPL regarding both the Term Sheet and the Bidding Procedures. Based on those discussions, we collectively determined that the Bidding Procedures are in the best interests of the Debtors, as well as their creditors and equityholders.

      I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated:   New York, New York
          January 21, 2022

                                          By:   */s/ Heinrich Loechteken*
                                          Name:  Heinrich Loechteken
                                          Title:   CEO of JLPSI