UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD.*,*<br><br>Debtors. [1] | Chapter 11<br><br>Case No.: 21-12075 (DSJ)<br><br>Jointly Administered |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF
TOGUT, SEGAL & SEGAL LLP AS COUNSEL TO THE DEBTORS
AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE**

Upon the application (the "Application")[2] of the above captioned debtors and debtors in possession (the "Debtors"), for entry of an order (this "Order") authorizing the employment and retention of Togut, Segal & Segal LLP (the "Togut Firm") as restructuring and bankruptcy counsel to the Debtors effective as of the Petition Date; pursuant to the terms set forth in the Engagement Letters, copies of which are attached as **Exhibit 1-A** and **Exhibit 1-B** to the Ortiz Declaration, and the Application; and the Court having reviewed the Application, the Ortiz Declaration; and the Ishikawa Declaration; and the Court being satisfied with the representations made in the Application, the Ortiz Declaration, and the Ishikawa Declaration that the Togut Firm represents no interest adverse to the estates, that it is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code, and that its employment is necessary and due; and it appearing that due and sufficient notice of the Application has been

---

[1] The Debtors in these Chapter 11 Cases are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is: Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

given under the particular circumstances; and it appearing that no other or further notice need be provided; and there having been no objections to the Application**, and a certificate of no objection having been filed as to the Application**; and it appearing that the relief requested by the Application is in the best interest of the Debtors, their estates, their creditors, their stakeholders, and other parties in interest; and after due deliberation, and sufficient cause appearing therefor, it is hereby: **[DSJ 2/11/2022]**

        **ORDERED, ADJUDGED, AND DECREED that:**

1. The Application is GRANTED to the extent provided herein.

2. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtors, as Debtors and Debtors in possession, are authorized to employ and retain the Togut Firm as counsel to the Debtors effective as of the Petition Date, in accordance with the Application and this Order.

3. The Togut Firm is authorized to employ the following services:

- advising the Debtors regarding their powers and duties as debtors in possession;

- preparing and filing on the Debtors' behalf motions, applications, answers, proposed orders, reports and papers necessary to represent the Debtors' interests;

- attending meetings and negotiating with representatives of creditors and other parties-in-interest;

- preparing and filing the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs;

- obtaining Court approval for the retention of the Debtors' professionals as may be needed;

- reconciling and, if appropriate, objecting to, claims filed against the Debtors;

- effectuating the assumption, assignment, and rejection, as appropriate, of executory contracts and unexpired leases;

- negotiating, seeking Court approval, and consummating the sale of the Debtors' assets, subject to higher or better offers;

- negotiating a Chapter 11 plan and seeking confirmation of same;

- appearing before this Court and any appellate courts to protect the interests of the Debtors' estate in connection with restructuring matters;

- responding to inquiries from creditors and counsel to interested parties regarding pending assigned matters; and

- performing other necessary legal services for assigned matters and providing other necessary legal advice to the Debtors in connection with these Chapter 11 Cases.

4. Notwithstanding anything in the Application or the Engagement Letters to the contrary, the Togut Firm shall (i) to the extent that the Togut Firm uses the services of experts, including those sought to address, among other things, issues under the laws of the United Kingdom, independent contractors, subcontractors or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in this Chapter 11 Case, the Togut Firm shall pass-through the cost of such Contractors to the Debtors at the same rate that the Togut Firm pays the Contractors; (ii) seek reimbursement for actual costs only; and (iii) ensure that the Contractors are subject to the same conflict checks as required for the Togut Firm; and (iv) shall file with the Court such disclosures required by Bankruptcy Rule 2014.

5. The Togut Firm shall be compensated at its customary hourly rates and in accordance with the procedures set forth in sections 330 and 331 of the Bankruptcy Code, applicable Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court governing professional compensation and reimbursement for services rendered and charges and disbursements incurred. The U.S. Trustee, any Creditors'

Committee appointed, and each party in interest shall retain all rights to object to any interim or final compensation and reimbursement request by the Togut Firm on the basis of reasonableness under section 330 of the Bankruptcy Code, and the Court retains the right to review any such requests for reasonableness.

6. The Togut Firm shall file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, any applicable Bankruptcy Rules, Local Bankruptcy Rules, any orders of this Court, and any procedures as may be fixed by Order of this Court.

7. Prior to applying any increases in its hourly rates beyond the rates set forth in the Application, the Togut Firm shall provide ten (10) days' notice of any such increase to the Debtors, the U.S. Trustee, and any counsel to any statutory committees appointed in these Chapter 11 Cases. The Togut Firm shall file a supplemental affidavit with the Court that explains the basis for the rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and states whether the Debtors have received notice of, and approved, the proposed rate increase. The U.S. Trustee, any Creditors' Committee appointed, and each party in interest shall retain all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code.

8. Notwithstanding anything in the Engagement Letters, the Application, the Ortiz Declaration, the Ishikawa Declaration, or this Order to the contrary, the Togut Firm's request to the Debtors for reimbursement of expenses incurred in defense of a challenge to its fee applications shall be subject to the United States Supreme Court's holding in *Baker Botts L.L.P. v. ASARCO LLC*, 576 U. S. 121 (2015), without prejudice to the parties' rights to argue that such decision is or is not applicable to any such request, and the Debtors shall not reimburse any such

expenses unless authorized by further order of this Court upon application of the Togut Firm upon notice and hearing.

9. The Togut Firm shall apply any remaining amounts of its prepetition Retainers as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of this Court allowing compensation and reimbursement of out-of-pocket expenses to the Togut Firm.

10. The Togut Firm shall use its best efforts to avoid duplication of services provided by any of the Debtors' other retained professionals in this Chapter 11 Case.

11. To the extent the Application or Engagement Letters are inconsistent with this Order, the terms of this Order shall govern.

12. The requirements set forth in Local Bankruptcy Rule 9013-1(b) are satisfied by the contents of the Application.

13. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order, and this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

Dated:   New York, New York
         February 11, 2022

                                           *s/ David S. Jones*
                                           HONORABLE DAVID S. JONES
                                           UNITED STATES BANKRUPTCY JUDGE