TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000
Frank A. Oswald
Kyle J. Ortiz
Eitan Blander
*Counsel to the Debtors
and Debtors in Possession*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD., | Case No.: 21-12075 (DSJ) |
| | Jointly Administered |
| Debtors.[1] | |

**APPLICATION PURSUANT TO SECTIONS 105, 501,
502 AND 503 OF THE BANKRUPTY CODE, BANKRUPTCY
RULES 2002 AND 3003(c) AND LOCAL BANKRUPTCY RULE 3003-1,
FOR AN ORDER ESTABLISHING DEADLINE FOR FILING PROOFS
OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF**

TO THE HONORABLE DAVID S. JONES,
UNITED STATES BANKRUPTCY JUDGE:

JPA No. 111 Co., Ltd., and JPA No. 49 Co., Ltd., the debtors and debtors in possession in above-captioned cases (together, the "Debtors"), hereby submit this application (this "Application") for entry of an order, substantially in the form attached hereto as Exhibit "1" (the "Bar Date Order"), pursuant to sections 105, 501, 502 and 503 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002 and 3003(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3003-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Bankruptcy Rules"), establishing the last date by

---

[1] The Debtors in these Chapter 11 Cases[define] are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is: Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013, Japan.

which proofs of claim must be filed against the Debtors and approving the form and manner of notice thereof.  In support of this Application, the Debtors respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are sections 105, 501, 502 and 503 of the Bankruptcy Code, Bankruptcy Rules 2002 and 3003(c)(3), Rule 3003-1 of the Local Bankruptcy Rules, and the United States Bankruptcy Court for the Southern District of New York's Procedural Guidelines for Filing Requests for Orders to Set the Last Date for Fling Proofs of Claim (the "Guidelines").

## BACKGROUND

3. On December 17, 2021 (the "Petition Date"), the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to manage their affairs as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. These Chapter 11 Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of the Debtors' Chapter 11 Cases* [Docket No. 13].

6. No trustee or examiner has been appointed in these Chapter 11 Cases.  As of the date hereof, no official creditors' committee has been appointed.

2

7. On December 31, 2021, the Debtors filed a Motion for Orders approving bid procedures and related relief concerning a Stalking Horse offer which will pay all allowed claims in full plus $5 million [Docket No. 21].

8. By Order dated February 4, 2022, the Court entered an Order approving bid procedures and fixing the dates and time for the submission on higher or better bids and the hearing to approve the sale of the Debtors' assets which will be held on March 14, 2022.

## RELIEF REQUESTED

9. By this Application, the Debtors seek entry of the Bar Date Order: (a) establishing the bar date by which all entities, other than governmental units (as defined in section 101(27) of the Bankruptcy Code), must, except as otherwise set forth below, file proofs of claim (the "<u>Bar Date</u>"); (b) establishing the date by which proofs of claim relating to the Debtors' rejection of executory contracts or unexpired leases must be filed (the "<u>Rejection Claims Bar Date</u>"); (c) establishing the date, in the event that the Debtors file further amended Schedules of Assets and Liabilities (collectively, the "<u>Schedules</u>") by which claimants adversely impacted must file a proof of claim on account of such amended Schedules (the "<u>Amended Schedules Bar Date</u>"); (d) establishing the date by which governmental units must file proofs of claim (the "<u>Governmental Bar Date</u>" and, collectively with the Bar Date, the Rejection Claims Bar Date and the Amended Schedules Bar Date, the "<u>Bar Dates</u>"); and (e) approving the form and manner of notice of the Bar Dates.

**A.    Establishment of the Bar Dates**

10. <u>The Bar Date</u>. Bankruptcy Rule 3003(c)(3) requires that the Court fix a time within which proofs of claim must be filed. See Fed. R. Bankr. P. 3003(c)(3) ("The court shall fix . . . the time within which proofs of claim or interest may be filed.").

3

11. The Debtors request that this Court require all entities other than governmental units (the "Claimants")[2] holding or wishing to assert a claim that arose or is deemed to have arisen prior to the Petition Date (collectively, the "Claims") to file proof of such claim so as to be actually received by the United States Bankruptcy Court, Southern District of New York, One Bowling Green, Room 614, New York, New York 10004, by **April 7, 2022 at 5:00 p.m.** (Prevailing Eastern Time) which date and time shall serve as the Bar Date. Claimants must also submit requests for payment under Bankruptcy Code section 503(b)(9) so as to be actually received by the Bar Date.

12. Unless a claim falls within one of the exceptions described below, the Bar Date applies to all types of claims against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims (including, without limitation, claims entitled to priority under sections 507(a)(4) and 507(a)(5) and 503(b)(9) of the Bankruptcy Code) and unsecured nonpriority claims.

13. The Rejection Claims Bar Date. The Debtors anticipate that certain entities may assert claims arising from or relating to the possible rejection of executory contracts or unexpired leases, pursuant to section 365 of the Bankruptcy Code, or claims otherwise related to such rejected agreements, ("Rejection Damage Claims"). The Debtors propose that the Rejection Claims Bar Date with respect to any executory contracts or unexpired leases that may be rejected pursuant to section 365 of the Bankruptcy Code will be the later of (a) the Bar Date or (b) 5:00 p.m. Eastern Time on the date that is thirty (30) days after entry of an order authorizing the Debtors to reject

---

[2] Except as otherwise defined herein, all terms used in the Application specifically defined in the Bankruptcy Code shall have those meanings given to them by the Bankruptcy Code. In particular, as used in the Application: (a) the term " claim" has the meaning given to it in Bankruptcy Code section 101(5); (b) the term "entity" has the meaning given to it in Bankruptcy Code section 101(15); and (c) the term "governmental unit" has the meaning given to it in Bankruptcy Code section 101(27).

4

the subject executory contract or unexpired lease (which order may include an order confirming a plan for the Debtors pursuant to chapter 11 of the Bankruptcy Code) and (c) any other such date as the Court may fix in the applicable order authorizing such rejection (the "Rejection Claims Bar Date").  For the avoidance of doubt, all prepetition and postpetition claims of any kind or nature relating to rejected executory contracts or unexpired leases must be filed by the Rejection Claims Bar Date.  The Debtors propose that the filing of a Proof of Claim Form, along with a detailed statement describing the nature and basis of any portion of a Rejection Damage Claim asserting administrative priority pursuant to section 503(b) or other provision of the Bankruptcy Code, be deemed to satisfy the procedural requirements for the assertion of a Rejection Damage Claim.  Except as further set forth herein, proofs of claim for any claims, other than Rejection Damage Claims, that arose prior to the Petition Date of the Debtors to which such claim pertains with respect to a lease or contract must be filed by the Bar Date.

        14.      The Amended Schedules Bar Date.  The Debtors propose that they will retain the right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to nature, amount, liability, classification or otherwise;  (b) subsequently designate any scheduled claim as disputed, contingent or unliquidated;  and (c) otherwise amend or supplement their Schedules.  If the Debtors further amends or supplements their Schedules after the Service Date,[3] the Debtors propose that they will give notice of any such further amendment or supplement to the holders of claims affected thereby, including notice of the Amended Schedules Bar Date to file proofs of claim in response to the amendment or supplement to the Schedules.

---

[3]    The Debtors filed Amended Schedules with the Court on February 3, 2022.

15. In particular, if the Debtors further amend or supplement their Schedules to (a) reduce the undisputed, noncontingent and liquidated amount of a claim, (b) change the nature or classification of a claim against a Debtor in a manner adverse to the scheduled creditor, or (c) add a new claim to the Schedules with respect to a party that was not previously served with notice of the Bar Date, the affected claimant will be required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim in accordance with the procedures described herein by the Amended Schedules Bar Date. By contrast, if the amendment to the Schedules improves the amount or treatment of a previously scheduled or filed claim or identifies a new claim not previously scheduled, claimants that previously were served with a notice of the Bar Date are not permitted to file additional claims by the Amended Schedules Bar Date. The Debtors request that the Amended Schedules Bar Date be established as the later of (a) the Bar Date or (b) 5:00 p.m., Eastern Time, on the date that is thirty (30) days after the date that notice of the applicable amendment or supplement to the Schedules is served on the claimant. Notwithstanding the foregoing, nothing contained herein shall preclude the Debtors from objecting to any claim, whether scheduled or filed, on any grounds.

16. <u>The Governmental Bar Date</u>. Bankruptcy Rule 3002(c)(1) provides that "a proof of claim filed by a governmental unit . . . is timely filed if it is filed not later than 180 days after the date of the order for relief." Fed. R. Bankr. P. 3002(c)(1). Accordingly, the Debtors propose that the Governmental Bar Date in this Chapter 11 Case be **<u>June 14, 2022 at 5:00 P.M. (Eastern Time)</u>**. The Governmental Bar Date applies to all types of claims by any governmental unit against the Debtors that arose prior to the Petition Date, including secured claims, unsecured priority claims and unsecured nonpriority claims.

6

**B.   Entities That Must File Proofs of Claims by the Bar Date**

17.   The Debtors propose that, subject to the provisions proposed above for holders of claims subject to the Rejection Claims Bar Date, the Amended Schedules Bar Date or the Governmental Bar Date, as well as the exceptions described below, the following entities must file proofs of claim on or before the Bar Date:

> a.   Any Claimant (i) whose prepetition claim against the Debtors is not listed in the Debtors Schedules or is listed as "disputed," "contingent," or "unliquidated" and (ii) that desires to share in any distribution to creditors in these Chapter 11 Cases;
>
> b.   Any Claimant that believes its prepetition claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules; and
>
> c.   Any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

**C.   Entities Not Required to File Proofs of Claim by the Bar Date**

18.   The Debtors propose that entities need not file proofs of claim in respect of the following claims that otherwise would be subject to the Bar Date:

> a.   Any claim as to which the holder has already filed a proof of claim against the Debtors in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410;
>
> b.   Any claim that is listed on the Schedules filed by the Debtors, provided that (i) the claim is <u>not</u> scheduled as "disputed", "contingent" or "unliquidated"; <u>and</u> (ii) the claimant does not disagree with the amount, nature and priority of the claim as set forth in the Schedules;
>
> c.   Any claim that has already been allowed by Order of this Court;
>
> d.   Any claim that has been paid in full by the Debtors;

7

  e. Any claim for which different specific deadlines have previously been fixed by Order of this Court; and

  f. Any claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtors' estates, except as otherwise provided below (except for claims allowable under §503(b)(9) of the Bankruptcy Code, which claims must be filed on or before the Bar Date).

19. The Debtors propose that any person or entity holding an interest in the Debtors (an "<u>Interest Holder</u>"), which interest is based exclusively upon the ownership of common or preferred stock in a Debtor or warrants or rights to purchase, sell or subscribe to such a security or interest (any such security or interest being referred to herein as an "<u>Interest</u>"), need not file a proof of Interest on or before the Bar Date; *provided, however*, that Interest Holders that wish to assert claims against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance or distribution of the Interest, must file proofs of claim on or before the Bar Date, unless another exception contained in the Bar Date Order applies. The Debtors reserve the right to seek relief at a later date establishing a deadline for Interest Holders to file proofs of Interest.

**D. <u>Requirements for Preparing and Submitting Proofs of Claim</u>**

20. The Debtors further request the following with respect to preparing and submitting each proof of claim:

  a. Each proof of claim must: (i) be written in English; (ii) include a claim amount denominated in United States dollars; (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Bankruptcy Form 410; (iv) state a claim against the Debtors; and (v) be signed by the Claimant or, if the Claimant is not an individual, by an authorized agent of the Claimant;

  b. Each proof of claim must include supporting documentation (or, if such documentation is voluminous, include a summary of

8

      such documentation instead) or an explanation as to why such documentation is not available; and

c. All proofs of claim must be submitted so as to be actually received no later than 5:00 p.m. prevailing Eastern Time on the applicable Bar Dates at one of the following addresses:

| IF DELIVERED BY HAND OR BY MAIL: | IF FILED ELECTRONICALLY: |
|---|---|
| Clerk of the United States Bankruptcy Court, Southern District of New York One Bowling Green, Room 614 New York, NY 10004-1408 | "File A Proof of Claim" link on the Court's website, www.nysb.uscourts.gov |

**The Court will not accept a Proof of Claim sent by facsimile or e-mail.**

E.     <u>Effect of Failure to File Proofs of Claim</u>

      21.     The Debtors propose that, pursuant to sections 105(a) and 503(a) of the Bankruptcy Code[4] and Bankruptcy Rule 3003(c)(2)[5], any entity that is required to file a proof of claim in these Chapter 11 Cases pursuant to the Bankruptcy Code, the Bankruptcy Rules or the Bar Date Order, but that fails to do so by the applicable Bar Date, should be forever barred, estopped and enjoined from: (a) asserting any claim against the Debtors or their estates or property that (i) is in an amount that exceeds the amount, if any, that is identified in the Schedules on behalf of such entity as undisputed, noncontingent and liquidated, or (ii) is of a different nature or a different classification than any claim identified in the Schedules on behalf of such entity (any

---

[4]     Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue an order, process, or judgment that is necessary or appropriate to carry out the provisions of this title…. " Section 503(a) of the Bankruptcy Code provides that "[a]n entity may timely file a request for payment of an administrative expense…."

[5]     Bankruptcy Rule 3003(c)(2) provides that "[a]ny creditor…whose claim…is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim…within the time prescribed by subdivision (c)(3) of this rule; any creditor who fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

9

such claim under this subparagraph (a) being referred to herein as an "Unscheduled Claim"); or (b) voting upon, or receiving any distribution under, any chapter 11 plan promulgated in these Chapter 11 Cases in respect of an Unscheduled Claim.

### F. Procedures for Providing Notice of Bar Dates and Filing Proofs of Claim

22. The Debtors propose to serve all known entities potentially holding prepetition claims, with: (a) a notice of the Bar Dates substantially in the form of the notice attached hereto as Exhibit "2" (the "Bar Date Notice"); and (b) a proof of claim form substantially in the form attached hereto as Exhibit "3" (the "Proof of Claim Form"[6] and, collectively with the Bar Date Notice, the "Bar Date Notice Package").

23. The Bar Date Notice is consistent with the form of notice adopted in this District pursuant to the Guidelines and states, among other things, that proofs of claim must be filed on or before the applicable Bar Date. As soon as practicable, but in any event no later than five (5) days after entry of the Bar Date Order, the Debtors intend to mail the Bar Date Notice Package to:

    a. The United States Trustee;

    b. Counsel to any official committee which may be appointed in these Chapter 11 Cases;

    c. All persons or entities that have requested Bankruptcy Rule 2002 notice;

    d. All persons or entities that have filed claims;

    e. All creditors and other known holders of claims as of the date of the Bar Date Order, including all persons or entities listed in the Schedules as holding claims;

    f. All non-debtor counter parties to executory contracts and unexpired leases of the Debtors;

---

[6] The Proof of Claim Form is in the form of Official Bankruptcy Form No. 410.

  g. All parties to litigation with the Debtors;  and

  h. The Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units (a list of such agencies is available from the Office of the Clerk of the Court).

  24. Bankruptcy Rule 2002(a)(7) requires the Debtors to provide at least twenty-one (21) days' notice of the time fixed for filing proofs of claim. Bankruptcy Rule 2002(p)(2) requires at least thirty (30) days' notice to creditors with a foreign address. The Guidelines provide that creditors should be given at least thirty-five (35) days' notice after the mailing date.  The Debtors will be providing at least 35 days' notice to all known creditors. The Debtors will have five (5) business days from the date of entry of the Bar Date Order to complete the mailing of the Bar Date Notice, which is approximately 35 days prior to the proposed Bar Date of **April 7, 2022**.  Accordingly, the Debtors submit that the proposed Bar Date and procedures provide sufficient time for all parties in interest, including foreign creditors, to assert their claims.  Further, because the proposed procedures will provide notice to all known parties in interest by mail, the Debtors submit that the proposed procedures are reasonably calculated to provide notice to all parties that may hold and wish to assert a claim in these Chapter 11 Cases.[7]

  25. The Debtors submit that the proposed Bar Date will provide potential claimants with ample time after the mailing of the Bar Date Notice within which to review the Schedules, compare the information contained therein with their

---

[7] Bankruptcy Rule 2002(a)(7) states that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least 21 days' notice by mail of…the time fixed for filing proofs of claim pursuant to [Bankruptcy] Rule 3003(c)…."

11

own books and records and prepare and file proofs of claim, if necessary. In addition, the Debtors will include a description of the Rejection Claims Bar Date in the text of all the Rejection Notices.

G.  **Submission to the Court's Jurisdiction**

26.  The Bar Date Order contains language notifying parties-in-interest that any entity that files a proof of claim in these Chapter 11 Cases will have submitted to the Court's jurisdiction.

27.  The Supreme Court of the United States has held that an entity submits to the equitable jurisdiction of the Bankruptcy Court when it files a proof of claim. *See Langenkamp v. Culp*, 498 U.S. 42, 44, 111 S. Ct. 330, 331, 112 L. Ed. 2d 343 (1990) ("In *Granfinanciera* we recognized that by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.") (quoting *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59, 109 S. Ct. 2782, 2799, 106 L. Ed. 2d 26 (1989)); *see also In re Adelphia Communications Corp.*, 307 B.R. 404, 418 (Bankr. S.D.N.Y. 2004) ("As the Supreme Court's decisions . . . make clear, when the Copyright Owners filed proofs of claim in the bankruptcy court, they submitted to the equitable jurisdiction of this Court, especially with respect to the very subject matter of their claims."); *see also In re Maxwell Commc'n Corp. plc*, 186 B.R. 807, 817 (S.D.N.Y. 1995), *aff'd sub nom. In re Maxwell Commc'n Corp. plc*, 93 F.3d 1036 (2d Cir. 1996) ("The Supreme Court has held that a creditor participates in the claims allowance process and subjects itself to the equity jurisdiction of the bankruptcy court when it files a proof of claim.").

28.  Importantly, courts have held that a party's submission to the Bankruptcy Court's jurisdiction by filing a proof of claim is not "limited to the adjudication of the claim itself." *Adelphia*, 307 B.R. at 419. The *Adelphia* court clarified:

12

>    *Katchen*, *Langenkamp* and their progeny uphold the imposition of bankruptcy jurisdiction even when the estate "goes on offense," as plaintiff, following the filing of a proof of claim, and consistently speak of submission to the jurisdiction of the bankruptcy court, or its equitable jurisdiction, to determine claims against estate, as a consequence of the filing of a proof of claim. They do not distinguish between matters in which the estate is a plaintiff seeking to recover additional assets (such as by recovery of preferences) and matters when the estate is defending a claim to share in the estate's own assets."

*Adelphia*, 307 B.R. at 419-20.

29. Given that the language in the Bar Date Order regarding a party's submission to the Court's jurisdiction by filing a proof of claim is merely a restatement of federal bankruptcy law, the Debtors submit that it is appropriately included.

### COMPLIANCE WITH LOCAL BANKRUPTCY RULE 3003-1 AND THE GUIDELINES

30. The Debtors believe that the Application, the Bar Date Notice, the Bar Date Order and all exhibits and attachments thereto substantially comply with Local Bankruptcy Rule 3003-1 and the Guidelines.  The Bar Date Notice and the Bar Date Order were modeled on the forms attached to the Guidelines.  The Debtors submit that the alterations to these forms are appropriate and generally have been limited to those instances where such deviations:  (a) are necessary or appropriate to tailor the Bar Date Notice and Bar Date Order for use in these Chapter 11 Cases;  (b) adopt changes that are expressly contemplated by the Guidelines;  or (c) provide additional information for the benefit of potentially interested parties.

### NOTICE

31. Notice of this Application along with a copy of the proposed Order has been reviewed by and is satisfactory to the Office of the United States Trustee for Region 2 and has been provided to the Clerk of the Court.  Counsel for the Debtors has

13

also provided a copy by electronic transmission to all parties who have filed a notice of appearance in these cases. The Debtors submit that no other or further notice need be provided.

## **NO PRIOR REQUEST**

No previous request for the relief sought herein has been made to this Court or any other court.

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter the Bar Date Order, substantially in the form attached hereto as Exhibit "1", granting the relief requested in this Application and such other and further relief as may be just and proper.

DATED:   New York, New York
         February 22, 2022

                                         TOGUT, SEGAL & SEGAL LLP,
*Counsel to the Debtors and Debtors in Possession*
JPA NO. 111 CO., LTD. and
JPA NO. 49 CO., LTD.
By:

*/s/Frank A. Oswald*
FRANK A. OSWALD
KYLE J. ORTIZ
EITAN BLANDER
One Penn Plaza, Suite 3335
New York, New York  10119
(212) 594-5000