Sidney P. Levinson
Isabella M. Cusano
**DEBEVOISE & PLIMPTON LLP**
919 Third Avenue
New York, New York 10022
Telephone:     (212) 909-6000
Facsimile:      (212) 909-6836

*Counsel for JLPS Leasing Uranus Limited and*
*JLPS Leasing Draco Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>JPA NO. 111 CO., LTD., and<br>JPA NO. 49 CO., LTD.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 21-12075 (DSJ)<br><br>(Jointly Administered) |

**OBJECTION AND RESERVATION OF RIGHTS OF**
**JLPS LEASING URANUS LIMITED AND JLPS LEASING**
**DRACO LIMITED TO PROPOSED ASSUMPTION AND ASSIGNMENT OF**
**CERTAIN EXECUTORY CONTRACTS IN CONNECTION WITH PROPOSED SALE**

JLPS Leasing Uranus Limited, formerly known as PAAL Uranus Company Limited ("JLPS Uranus"), and JLPS Leasing Draco Limited, formerly known as DAE Leasing (Ireland) 12 Limited ("JLPS Draco" and, together with JLPS Uranus, the "Lessors"), hereby file this objection and reservation of rights (the "Objection") to the assumption and assignment of certain contracts set forth in the *Notice of Proposed Assumption and Assignment of Certain Executory Contracts in Connection with Proposed Sale* [ECF No. 104] (including the exhibit thereto, the "Notice of Proposed Assumption and Assignment") filed by JPA No. 111 Co., Ltd. ("JPA 111") and JPA No. 49 Co., Ltd. ("JPA 49" and, together with JPA 111, the "Debtors").

---

[1] The Debtors in these Chapter 11 Cases are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is: Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

In support of this Objection, the Lessors submit the *Supplemental Declaration of Sidney P. Levinson in Support of Objection and Reservation of Rights of JLPS Leasing Uranus Limited and JLPS Leasing Draco Limited to Proposed Assumption and Assignment of Certain Executory Contracts in Connection with Proposed Sale* (the "Levinson Supplemental Declaration"), which is filed concurrently herewith. The Lessors also incorporate by reference: (1) their *Objection and Reservation of Rights of JLPS Leasing Uranus Limited and JLPS Leasing Draco Limited to Proposed Sale of Purchased Assets* [ECF No. 118], filed on February 17, 2022 (the "Sale Objection"), objecting to the Sale Transactions, including the Debtors' purported assumption and assignment of the Warranty Agreements;[2] and (2) the *Declaration of Sidney P. Levinson in Support of Objection and Reservation of Rights of JLPS Leasing Uranus Limited and JLPS Leasing Draco Limited to Proposed Sale of Purchased Assets* [ECF No. 119] (the "Levinson Declaration").

In support of this Objection, the Lessors respectfully state as follows:

## FACTUAL BACKGROUND

1. On February 9, 2022, in furtherance of their efforts to dispose of the Lessors' assets, the Debtors filed the Notice of Proposed Assumption and Assignment, which identifies (in Exhibit 1) various contracts to be assumed and assigned, including the following:

    (a)  That certain *Engine Warranty Agreement* relating to the Uranus Aircraft, dated as of December 29, 2017 (the "Uranus Engine Warranty Agreement"). *See* Levinson Decl. Ex. 19.

    (b)  That certain *Engine Warranty Agreement* relating to the Draco Aircraft, dated as of November 21, 2018 (the "Draco Engine Warranty Agreement"

---

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Sale Objection.

2

21-12075-dsj    Doc 139    Filed 03/02/22    Entered 03/02/22 13:41:48    Main Document

      and, together with the Uranus Engine Warranty Agreement, the "<u>Engine Warranty Agreements</u>"). *See* Levinson Supp. Decl. Ex. 1.

(c)   That certain *Airframe Warranties Agreement in Respect of One A350-941 Aircraft Bearing Manufacturer's Serial Number 173*, dated as of December 29, 2017 (the "<u>Uranus Airframe Warranty Agreement</u>"). *See* Levinson Decl. Ex. 18.

(d)   That certain *Airframe Warranties Agreement in Respect of One A350-900 XWB Aircraft Bearing Manufacturer's Serial Number 0067*, dated as of December 26, 2016 (the "<u>Draco Airframe Warranty Agreement</u>" and, together with the Uranus Airframe Warranty Agreement, the "<u>Airframe Warranty Agreements</u>"). *See* Levinson Supp. Decl. Ex. 2.[3]

2.   JLPS Uranus is party to the Uranus Engine Warranty Agreement, whereas the Debtors are not parties to the Uranus Engine Warranty Agreement. *See* Levinson Decl. Ex. 19.

3.   Both JLPS Draco and debtor JPA 111 are parties to the Draco Engine Warranty Agreement. *See* Levinson Supp. Decl. Ex. 1.

4.   JLPS Uranus is party to the Uranus Airframe Warranty Agreement as the "Initial Controlling Party" under the agreement.[4] *See* Levinson Decl. Ex. 18. A "Replacement

---

[3] The Draco Airframe Warranty Agreement and the Draco Engine Warranty Agreement were inadvertently not included in the description of the Warranty Agreements in the Sale Objection. For the avoidance of any doubt, the term "Warranty Agreements," as used herein, refers, collectively, to the Uranus Airframe Warranty Agreement, the Draco Airframe Warranty Agreement, the Uranus Engine Warranty Agreement and the Draco Engine Warranty Agreement.

[4] It appears that JLPS Draco was not the "Initial Controlling Party" under the Draco Airframe Warranty Agreement. Moreover, the "Replacement Controlling Party" notice made pursuant to it that was provided to counsel for the Lessors does not reference JLPS Draco as a Controlling Party. However, the Draco Proceeds Agreement does reference a notice that includes JLPS Draco as an outgoing "Controlling Party." *See* ECF No. 23 Ex. 14 (definition of "Replacement Controlling Party Notice"). The arguments set forth herein shall therefore apply to both Lessors, to the extent that JLPS Draco was in fact made Controlling Party under the Draco Airframe Warranty Agreement or was otherwise entitled to interests thereunder pursuant to the Draco

Controlling Party" notice was subsequently issued by the Security Agent, which named itself as the "Controlling Party" under the agreement. *See* Levinson Supp. Decl. Ex. 3. That being said, by virtue of its rights under the Uranus Proceeds Agreement, JLPS Uranus continues to hold a reversionary interest in the Uranus Airframe Warranty Agreement that is triggered when the Secured Obligations (as defined in the Uranus Proceeds Agreement) are paid in full.[5] The Debtors are not, nor have they ever been, party to the Aircraft Warranty Agreements.

## ARGUMENT

5.     For the reasons set forth in the Sale Objection and herein, the Debtors do not hold any interests in the Warranty Agreements, other than perhaps the Draco Engine Warranty Agreement to which both JLPS Draco and JPA 111 are parties. With the exception of that one agreement, the Debtors have no authority to assume or assign any of the Warranty Agreements, and even as to that one agreement (and the other Warranty Agreements), the Debtors have no authority to assume and assign the Lessors' interests thereunder.[6]

6.     In the *Debtors' Omnibus Reply to the Objections of FitzWalter Capital Partners (Financial Trading) Limited and the Intermediate Lessors Regarding the Proposed Sale* [ECF No. 130] (the "Reply to Sale Objection"), the Debtors offer no cogent substantive response to the Lessors' position that the "Notices of Enforcement Sale" are invalid, and that the "Lease Assets", including the Warranty Agreements, thus remain property of the Lessors and cannot be sold by

---

    Proceeds Agreement. In any event, there is no indication that either of the Debtors was ever made a party to that agreement, which alone precludes the Debtors from assuming and assigning that agreement.

[5]   Specifically, the Proceeds Agreements provide that upon the "full, final and indefeasible payment and discharge in full of all amounts of the Secured Obligations" the Lessors' applicable rights under the Airframe Warranty Agreements would be "released and discharged from the Security Interests constituted by the Security Documents and, as applicable, reassigned by the Security Agent to the Obligor." *See* ECF No. 23 Exs. 7, 14 (Proceeds Agreements) § 7.1. The definition of "Obligor" under each Proceeds Agreement includes the applicable Lessor. *See id.* App. A.

[6]   *See, e.g.*, *In re Velo Holdings Inc.*, 475 B.R. 367, 387 (Bankr. S.D.N.Y. 2012) ("determining whether a contract is property of the estate is also necessary before determining whether a contract may be assumed or rejected").

4

the Debtors. Instead, citing to Paragraphs 7 and 8 of the Bidding Procedures Order, the Debtors take the position that "the Enforcement Notices and the Debtors' effectuation of the Enforcement Actions [have] already been approved by the Bankruptcy Court in connection with the Sale Process." Reply to Sale Obj. ¶ 2 & n.8. In making that argument, the Debtors simply ignore paragraph 21 of the Bidding Procedures Order, which explicitly provides:

> For the avoidance of doubts, notwithstanding any language included in this order, **no substantive rights of any parties are deemed to have been determined by this Order, including but not limited to, whether the Debtors have the ability to sell the Lease Assets** or the amount or categories of obligations that will be included in the Secured Obligations. [7]

7. If that language were not by itself crystal clear, at the February 4 hearing that resulted in entry of the Bidding Procedures Order, this Court proposed the inclusion of Paragraph 21, and in the process reassured counsel for the Security Agent that "I am not seeking to preclude FitzWalter from arguing about the exact state of affairs of the property rights possessed by Debtor beyond what I've already ruled, and raise objections based on that or any other objection you want to raise to the ultimate sale." Feb. 4 Tr. at 84:11-15. In response, counsel for the Debtors confirmed to this Court that "we're happy to make that statement" and that "we're all in agreement, the[s]e are fights for another day." *Id.* at 84:25-85:6. Thus, it is readily apparent that nothing in the Bidding Procedures Order precludes the Lessors from making the arguments that are set forth in their Sale Objection and incorporated herein by reference, or in this Objection.

[*Remainder of Page Intentionally Left Blank*]

---

[7] Bidding Procedures Order, ECF No. 102, ¶ 21 (emphasis added).

## **CONCLUSION**

Based on the foregoing, the Lessors respectfully request that the Court deny the Debtors' request to assign and assume the Warranty Agreements and the Lessors' interests therein, and such other relief as is proper.  The Lessors further reserve all rights.

| | |
|---|---|
| Dated:  March 2, 2022<br>New York, New York | DEBEVOISE & PLIMPTON LLP<br><br>*/s/ Sidney P. Levinson*<br>Sidney P. Levinson<br>Isabella M. Cusano<br>919 Third Avenue<br>New York, New York 10022<br>Telephone:    (212) 909-6000<br>Facsimile:      (212) 909-6836<br>Email:            slevinson@debevoise.com<br>Email:            imcusano@debevoise.com<br><br>*Counsel for JLPS Leasing Uranus Limited and JLPS Leasing Draco Limited* |