# EXHIBIT "B"

## Exhibit B

## Governing Law
## (in order of priority)

The following sets forth the order of priority of the governing laws that are applicable to the matters relating to the Sale Motion and the Claims Motion.  The Bankruptcy Code governs the analysis of secured claims under section 506(b) of the Bankruptcy Code and the Cape Town Treaty and New York law arguably govern ahead of English Law in the following order of priority:

1. **Federal Law/Bankruptcy Law**:  The Debtors' rights to relief under sections 363(b) & (f) and 506(b) of the Bankruptcy Code are governed by federal law regarding those provisions of the Bankruptcy Code.  These provisions control the determination of the reasonable amount allowed for FitzWalter's claims, the ability of the Debtors to conduct their sale, including over all of the collateral, and the ability to sell free and clear of liens, claims, interests, and encumbrances.

2. **Cape Town Treaty**:  The Cape Town Treaty[1] has been ratified and is in effect in: (a) the United Kingdom (England), which is the law governing the Proceeds Agreement, the Intermediate Lessors' assignments, and the Debtors' assignments), (b) the United States (New York), which is the law governing the New York Mortgages, (c) Ireland, where the Intermediate Lessors are organized, and (d) Vietnam, which is the jurisdiction where Vietnam Airlines is formed and the location where the Aircraft are registered.  The Cape Town Treaty governs how the enforcement sales of the Lease Assets (as "associated rights" under the Cape Town Treaty) and the Aircraft may be sold.  The Cape Town Treaty is the controlling non-bankruptcy law that expressly permits the sale of the collateral and the right to sell free and clear of FitzWalter's or any other entity's interests.  *See* Cape Town Convention, Articles 8 & 9; Aircraft Protocol, Article IX.

3. **New York Law.**  New York law governs the New York Mortgage, which, contrary to FitzWalter's assertions, covers both the Aircraft and the Lease Assets (*i.e.*, the claims under both the Head Leases and Subleases are all "proceeds" expressly covered by the New York Mortgage).  *See* New York Mortgages, § 1.1; *see also* N.Y. U.C.C. §9-102(64) (definition of "proceeds").  New York law also expressly recognizes the right of the Debtors to pay off the Secured Obligations and imposes a reasonableness

---

[1] Comprised of, collectively, (a) that certain Convention on International Interests in Mobile Equipment (the "Cape Town Convention"), and (b) that certain Protocol to the Convention on International Interests on Matters Specific to Aircraft Equipment (the "Aircraft Protocol"), each as adopted on November 16, 2001 at a diplomatic conference in Cape Town, South Africa. Collectively, the Cape Town Protocol and the Cape Town Convention are referred to as the "Cape Town Treaty".

requirement over amounts claimed. The New York Mortgage also establishes New York law as the controlling law over all matters provided for under such mortgage in all cases brought in any court in New York (including this Court). "This Agreement shall be controlling for all purposes of New York law and determining the rights of the parties [*i.e.*, the Security Agent and the Debtors] in any proceeding in the courts of New York." New York Mortgage § 6.5. Also, importantly, the New York Mortgage defines "Secured Obligations" arising under the Transaction Documents, making such term governed by New York law in matters before this Court. *See* New York Mortgage, Annex A (definition of "Secured Obligations").

4. **English Law**. The final set of law is English Law, which is the law governing the Proceeds Agreement and the English law security documents. Again, English law recognizes the Cape Town Treaty as controlling law.