VEDDER PRICE P.C.
Michael J. Edelman
Jeremiah J. Vandermark
1633 Broadway, 31st Floor
New York, New York 10019
Telephone:    (212) 407-7700

*Counsel for JP Lease Products & Services Co. Ltd.*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD.*,*<br><br>Debtors. | Chapter 11<br><br>Case No.: 21-12075 (DSJ)<br><br>(Jointly Administered) |

**STATEMENT OF JP LEASE PRODUCTS & SERVICES CO. LTD. IN SUPPORT
OF (A) DEBTORS' SALE MOTION AND (B) DEBTORS' MOTION TO (i)
DETERMINE AMOUNT OF ALLOWED SECURED CLAIMS UNDER
PREPETITION CREDIT FACILITIES AND (ii) IN THE ALTERNATIVE,
ESTIMATING AMOUNT OF CLAIMS ASSERTED BY FITZWALTER CAPITAL
PARTNERS (FINANCIAL TRADING) LIMITED AND ITS AFFILIATES**

JP Lease Products & Services Co. Ltd. ("*JP Lease*"), as both the parent of the Debtors (as defined herein) and a creditor, by and through its undersigned counsel, hereby submits this statement in support of both:

(a) the *Debtors' Application for Entry of Orders: (I) (A) Approving Bidding Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Establishing Stalking Horse Bidders and Bid Protections; (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Authorizing Enforcement Actions; (E) Scheduling an Auction and a Sale Hearing; and (F) Approving the Form and Manner of Notice Thereof; and (II) (A) Approving the Sale of the Purchased Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (B) Granting Related Relief,* filed on December 31, 2021 [Docket No. 21], to the extent related to Part II of such motion (such portion of the motion, the "*Sale Motion*")[1] that seeks authority to sell the primary assets of the JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd..

---

[1] This Court has already approved the first part of such motion that sought approval of bidding procedures. *See* Order approving bidding procedures, entered February 4, 2022 [Docket No. 101].

the above-referenced debtors and debtors-in-possession (collectively, the "*Debtors*"), and

(b) the *Motion of the Debtors for Entry of an Order (I) Determining Secured Claims of Prepetition Credit Facilities or (II) In the Alternative, Estimating Amount of Claims Asserted By FitzWalter Capital Partners (Financial Trading) Limited and Its Affiliated*, filed on February 28, 2022 [Docket No. 136, Adv. Pro. No. 22-01004, Docket No. 7] (the "*Claims Motion*").

In support hereof, JP Lease respectfully states as follows:[2]

## STATEMENT IN SUPPORT

1. JP Lease hereby references each of the following additional documents that were filed today:

(a) *Debtors' Reply to Fitzwalter Capital Partners (Financial Trading) Limited's Preliminary Objection to Debtors' 506/502 Motion and Response to Debtors' Reply in Support of Sale Motion and JPL's Statement In Support of Sale Motion, dated March 11, 2022*, which filing was entered on the docket as Docket No. 154 (along with the exhibits annexed thereto, the "*Debtors' Reply*"), and

(b) *Capitol Reef LLC and Isle Royale LLC's Statement of Support of Debtors' Motions for Entry of Orders (I)(A) Approving the Sale of the Purchased Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (B) Granting Related Relief [Docket No. 21]; and (II)(A) Determining Secured Claims of Prepetition Credit Facilities or (B) in the Alternative, Estimating Amount of Claims Asserted by Fitzwalter Capital Partners (Financial Trading) Limited and its Affiliates* [Docket No. 136], which filing was entered on the docket as Docket No. 157 (the "*Stalking Horse Bidder's Statement*");

as well as the prior filings of the Debtors and statements in support filed by JP Lease in connection with the Sale Motion and the Claims Motion,[3] along with the Debtors' Complaint, each of which are incorporated herein with respect to the facts and arguments set forth in such filings.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Complaint (the "*Debtors' Complaint*") filed in the Debtors' adversary proceeding against FitzWalter Capital Partners (Financial Trading) Limited ("*FWC*") in these Chapter 11 Cases. Adv. Pro. No. 22-01004, Docket No. 1.

[3] Such filings include JP Lease's earlier statement in support of, *inter alia*, the Sale Motion, dated February 23, 2022 [Docket No. 132] ("*JPL's Prior Statement*").

2

2. Because JP Lease believes that the arguments raised in the Debtors' Reply, the Stalking Horse Bidder's Statement and the other filings incorporated herein fully canvass the matters so as to enable this Court to rule favorably on both the Sale Motion and the Claims Motion, JP Lease hereby references such filings rather than to add needlessly duplicative filings before this Court and only highlights select matters for this Court's consideration.

3. As set forth by the Debtors in their pleadings, most of the objections raised by FWC, as the current majority lender under the prepetition secured financing facilities and the alleged facility agent, incorrectly emphasize English law over applicable and governing Federal law, the Cape Town Treaty[4] and New York law. The Debtors both (a) can effect the sale of the Debtors' assets free and clear of liens under any applicable law and (b) determine the amount of the secured obligations under legal authorities cited by the Debtors, including under Federal law, the Cape Town Treaty, New York law and English law. FWC's emphasis on English law, however, has no basis as the following lists sets forth the applicable governing laws, in order of priority:

(a) **Federal Law/Bankruptcy Law**: The Debtors' rights to relief under Sections 363(b) and (f) and 506(a) and (b) of the Bankruptcy Code are matters of federal law that preempt nonbankruptcy law. *See* Debtors' Reply, at 6, 25 & Exhibit B.

(b) **Cape Town Treaty.** The Cape Town Treaty has been ratified and is in effect in England, United States, Ireland and Vietnam. The Cape Town Treaty is the controlling non-bankruptcy law that expressly provides that

---

[4] Comprised of, collectively, (a) that certain Convention on International Interests in Mobile Equipment (the "*Cape Town Convention*"), and (b) that certain Protocol to the Convention on International Interests on Matters Specific to Aircraft Equipment (the "*Aircraft Protocol*"), each as adopted on November 16, 2001 at a diplomatic conference in Cape Town, South Africa. Collectively, the Cape Town Convention and the Aircraft Protocol are referred to as the "*Cape Town Treaty*".

> the Debtors' may sell their assts (the collateral) free and clear of FWC's (or, more exactly, the Security Agent's) or any other entity's liens, claims, interests or encumbrances. *See* Cape Town Convention, Articles 8 & 9; Aircraft Protocol, Article IX.
>
> (c) **New York Law.** New York law governs the New York Mortgage, which, contrary to FWC's assertions, covers both the Aircraft and the Lease Assets (i.*e.*, the claims under the various leases). *See* New York Mortgages, § 1.1; *see also* N.Y. U.C.C. §9-102(64) (definition of "proceeds"). Also, importantly, the New York Mortgage defines what constitutes "Secured Obligations" under the Transaction Documents, making such term and the amounts of such obligations governed by New York law in matters before this Court. *See* New York Mortgage, Annex A (definition of "Secured Obligations"). Further, the New York Mortgage establishes New York law as the governing law over all matters provided for under such mortgage in suits brought before any New York court (including this Court). "***This Agreement shall be controlling for all purposes of New York law and determining the rights of the parties [i.e., the Security Agent (FWC) and the Debtors] in any proceeding in the courts of New York.***" New York Mortgage, § 6.5 (emphasis added). As the amount of the Secured Obligations is being contested before this Court, New York law governs such matters (to the extent not preempted by Federal law).
>
> (d) **English Law**. The final set of laws is English Law, which is the law governing the Proceeds Agreement, the English Security Agreements and the Intermediate Assignments.

Given the controlling nature of the federal laws (the Bankruptcy Code and the Cape Town Treaty) and the express agreement among the parties in the New York Mortgage as to the controlling nature of New York law over matters addressed by the New York Mortgage and raised in this Court, English law does not appear to address any substantive matters that need to be addressed under the Sale Motion or the Claim Motion. In any event, as fully set forth in the Debtors' and the Stalking Horse Bidders' filings,

4

English law does not support the objections raised by FWC and its affiliates and, in contrast, is in full accord with the relief sought by the Debtors.

4. The infirmity of FWC's arguments contesting each of the Sale Motion and the Claims Motion are highlighted by each of the following:

(a) all of FWC's arguments stem from its unsupported allegations that FWC, and not the Debtors, control the right to sell the Debtors' assets (the collateral);

(b) all of FWC's arguments are focused upon FWC's ulterior motive to obtain ownership of the Collateral and prevent the Debtors from exercising their rights to sell their assets;

(c) FWC's other main argument is that it can assert unsupported, unreasonable and outrageous claims to inflate the amount of the Secured Obligations that FWC's alleges must be paid off in full; and

(d) FWC otherwise (i) has not contested the validity of the sale process pursued by the Debtors or (ii) has not raised any issues regarding the Debtors' sales process maximizing the value of the Debtors assets (at least to the maximum extent possible given FWC's material bid chilling efforts and stay violations).

For all of the reasons set forth above and in the Debtors' Reply, the JPL's Prior Statement and the Stalking Horse Bidder's Statement, JPL Lease fully supports the Debtors' Sale Motion and Claims Motion and believes that the relief requested in such motions is fully supported by the facts, circumstances and governing law related thereto.

5

**CONCLUSION**

For the reasons set forth above, JP Lease submits that the Court should overrule each of the objections raised by FWC (and its affiliates) and grant the relief requested by the Debtors in the Sale Motion and the Claims Motion in their entirety.

Dated: New York, New York  
       March 11, 2022

VEDDER PRICE P.C.

/s/ *Michael J. Edelman*  
Michael J. Edelman  
Jeremiah Vandermark  
1633 Broadway, 31st Floor  
New York, New York 10019  
Telephone:   (212) 407-7700  
E-Mail:       MJEdelman@VedderPrice.com  
E-Mail:       JVandermark@VedderPrice.com

*Counsel for JP Lease Products & Services Co. Ltd.*