# EXHIBIT "1"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD.,<br><br>        Debtors.[1] | Chapter 11<br><br>Case No.: 21-12075 (DSJ)<br><br>(Jointly Administered) |
| JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD.,<br><br>        Plaintiffs,<br><br>v.<br><br>FITZWALTER CAPITAL PARTNERS<br>(FINANCIAL TRADING) LIMITED,<br><br>        Defendant. | Adv. Pro. No. 22-01004 (DSJ) |
| FITZWALTER CAPITAL PARTNERS<br>(FINANCIAL TRADING) LIMITED.,<br><br>        Plaintiff,<br><br>v.<br><br>JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD.,<br><br>        Defendants. | Adv. Pro. No. 22-01006 (DSJ) |

**STIPULATION AND AGREED ORDER**

---

[1] The Debtors in these Chapter 11 Cases are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

This Stipulation and Agreed Order ("Stipulation & Order") is entered into by and among: (a) the above-captioned debtors and debtors in possession (the "Debtors"); (b) the undersigned JP Lease Products & Services Co. Ltd. ("JPL"); (c) the undersigned JLPS Ireland Limited ("JLPS"); (d) the undersigned JLPS Leasing Draco Limited f/k/a DAE Leasing (Ireland) 12 Limited ("JLPS Draco"); (e) JLPS Leasing Uranus Limited f/k/a PAAL Uranus Company Limited ("JLPS Uranus" and, together with JLPS Draco, the "Intermediate Lessors"); and (f) the undersigned FitzWalter Capital Partners (Financial Trading) Limited ("FitzWalter").  Each of the persons or entities identified in the foregoing clauses (a) through (f) shall be referred to herein individually as a "Party" and, collectively, as the "Parties."

### Recitals

WHEREAS, the Debtors commenced their chapter 11 cases (the "Chapter 11 Cases") on December 17, 2021;

WHEREAS, on December 31, 2021, the Debtors filed their *Debtors' Application for Entry of Orders:  (I)(A) Approving Bidding Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Establishing Stalking Horse Bidders and Bid Protections; (C) Approving Procedures for the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Authorizing Enforcement Actions; (E) Scheduling an Auction and a Sale Hearing; and (F) Approving the Form and Manner of Notice Thereof; and (II)(A) Approving the Sale of the Purchased Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; and (B) Granting Related Relief* [Docket No. 21] (the "Sale Motion");

WHEREAS, on February 4, 2022, the Court entered the Bidding Procedures Order [Docket No. 101, and corrected at Docket No. 102], which, among other things, scheduled a

2

hearing to consider approval of the Debtors' proposed sale(s) for March 14, 2022 at 11:00 a.m. (ET) (the "Sale Hearing");

WHEREAS, on February 28, 2022, the Debtors filed their *Motion of The Debtors For Entry of An Order (I) Determining Secured Claims of Prepetition Credit Facilities or (II) In the Alternative, Estimating Amount of Claims Asserted By FitzWalter Capital Partners (Financial Trading) Limited And Its Affiliates* [Docket No. 136] (the "Estimation Motion"). A hearing on the Estimation Motion is scheduled concurrently with the Sale Hearing;

WHEREAS, on January 21, 2022, FitzWalter filed claims against JPL, JLPS, the Intermediate Lessors, and Heinrich Loechteken in the High Court of England and Wales, Queen's Bench Division, Media and Communications List under Claim No: QB-2022-000199 (the "London Litigation"), and has also undertaken certain other actions against JPL, JLPS, the Intermediate Lessors, and Mr. Loechteken in Japan (the "Japanese Dispute") and Ireland (the "Irish Dispute");

WHEREAS, on February 14, 2022, the Debtors commenced Adversary Proceeding No. 22-01004-djs ("Debtors' Adversary Proceeding") against FitzWalter, by filing their *Complaint for Declaratory Judgment and Injunctive Relief, Recovery of Damages and Related Relief* [Adv. Pro. No. 22-01004, Docket No. 1] ("Debtors' Adversary Complaint");

WHEREAS, on February 15, 2022, the Debtors filed their *Motion for Injunctive Relief and Sanctions* [Adv. Pro. No. 22-01004, Docket No. 3] (the "Motion for Injunctive Relief");

WHEREAS, on February 17, 2022, FitzWalter commenced Adversary Proceeding No. 22-01006-dsj ("FitzWalter's Adversary Proceeding" and, together with the Debtors' Adversary Proceeding, the "Adversary Proceedings") against the Debtors, by filing its *Complaint for Declaratory Judgment* [Adv. Pro. No. 22-01006, Docket No. 1] ("FitzWalter's Adversary

3

Complaint", and together with the Debtors' Adversary Complaint, the "Adversary Complaints"); and

WHEREAS, on March 7, 2022, JPL and JLPS filed an application challenging the jurisdiction of the High Court of England and Wales in the London Litigation.

NOW, THEREFORE, to facilitate the orderly adjudication of the Sale Motion and the Estimation Motion, including certain discovery and evidentiary disputes among the parties, and to maintain the status quo in the London Litigation, the Japanese Dispute, and the Irish Dispute as set forth herein,

**IT IS THEREFORE STIPULATED AND AGREED**:

1. The Debtors agree to adjourn, *sine die* their Motion for Injunctive Relief. In return for same, the Parties, Mr. Loechteken, and all of the Debtors' other affiliates stipulate and agree that they will take no further action to prosecute or defend any actions outside of the Debtors' Chapter 11 Cases against each other, or to commence any type of case or proceeding outside of the Debtors' Chapter 11 Cases from the date hereof to the following date (the "Recommencement Date"): (a) the earlier of (i) fourteen (14) days after the entry of the Court's ruling on the Sale Motion or (ii) April 15, 2022; or (b) as applicable, the date set by further order of this Court or as consensually extended in writing by the Parties, which agreement shall include, but not be limited to, pausing the prosecution and defense of the claims filed by FitzWalter in the London Litigation, the Japanese Dispute, and the Irish Dispute. The Parties will, subject to any order of the courts of England, Japan, Ireland or any other relevant jurisdiction, work collaboratively to extend any pending deadlines in any of the ongoing disputes so as not to prejudice the interests of any of the Parties because of this Stipulation, including by FitzWalter, JPL, JLPS, JLPS Draco and JLPS Uranus signing and filing a Consent Order in the

4

London Litigation in the form expressed in <u>Schedule 1</u> hereto (the "<u>English Consent Order</u>"), and, in conjunction therewith, if the Recommencement Date has not occurred by April 22, 2022, then the signatories to the English Consent Order agree to submit a revised consent order to the English court that reasonably reflects the further period through which the foregoing stay of proceedings will remain in effect.  FitzWalter expressly agrees and acknowledges that nothing in this Stipulation & Order is intended to be or shall be treated as a submission by any person or entity to the jurisdiction of the English court in the London Litigation and further that each of JPL, JLPS, the Intermediate Lessors and Mr. Loechteken maintain and reserve any right to challenge jurisdiction and apply after the Recommencement Date to set aside or dismiss any claims and/or orders made in the London Litigation on any grounds that are or may be available to them at law.  This Stipulation & Order does not constitute (and FitzWalter will make no attempt in the London Litigation to refer to or rely upon this Stipulation & Order) as a submission to jurisdiction and/or a waiver of any right, claim, action or remedy by JPL, JLPS, the Intermediate Lessors or Mr. Loechteken, all of which rights, claims, actions and remedies are fully reserved and preserved.

2.  The deadline to file an answer or otherwise move with respect to the Adversary Complaints shall be either (i) fourteen (14) days after the entry of the Court's order resolving the Sale Motion or (ii) the date set by further order of this Court or as consensually extended in writing by the Parties.

3.  Discovery in the Adversary Proceedings will be stayed until the earlier of (i) the Court's ruling on the Sale Motion or (ii) April 15, 2022 (or such later date as agreed in writing by the Parties).

4. Except as set forth in Paragraph 5, for the purposes of the Sale Hearing, currently scheduled for March 14, 2022, the Parties shall not present or seek the admission of evidence at the Sale Hearing concerning the claims that FitzWalter has asserted in the London Litigation, the Japanese Dispute, or the Irish Dispute (the "Unliquidated Claims"), except for the existence of the Unliquidated Claims. For the avoidance of doubt, claims related to professional fees and management time fees are not covered by this paragraph; provided, however, the facts that will be considered by the Court with respect to the challenge to FitzWalter's professional fees shall be limited to (in addition to any other facts stipulated to by the Parties):

  i. the Debtors filed for chapter 11 relief;

  ii. the term sheet, stalking asset purchase agreement, and the terms thereof [Docket No. 58], pursuant to which the Debtors have predicated their request for approval to sell certain assets [Docket No. 21] and the fact that the Debtors have alleged that all Secured Obligations (as provided for, or not, by the term sheet) will be paid in full;

  iii. the documents governing the Debtors' Secured Obligations and the rights and obligations related thereto including enforcement thereof; and

  iv. the commencement by FitzWalter of the London Litigation and the existence of the Japanese Dispute and the Irish Dispute.

It is further agreed and acknowledged that FitzWalter is not seeking allowance of their professional fees at the Sale Hearing; rather, FitzWalter is responding to certain arguments advanced by the Estimation Motion and, thus, subject to the foregoing challenges, FitzWalter is not subject to any burden of proof with respect to the allowance of such expenses at the Sale Hearing and reserves its rights to seek allowance of such expenses in these Chapter 11 Cases.

FitzWalter and the Intermediate Lessors reserve their rights to object to the admissibility of any facts, other than as provided for herein, at the Sale Hearing.

6

5. For the purposes of the Sale Hearing and the hearing on the Estimation Motion, both of which are scheduled for March 14, 2022, the issues presented to the Court concerning the Unliquidated Claims will be limited to whether the Unliquidated Claims constitute claims, as defined in the Bankruptcy Code, or Secured Obligations as that term is defined in the Proceeds Agreements, and whether the Unliquidated Claims, as alleged, are sufficient as a matter of law under the Transaction Documents and the Bankruptcy Code; *provided that* if further discovery is deemed required to address any such matters, then such matters shall be determined in conjunction with the Continued Hearing (as defined below).

6. Despite exchanging discovery requests, because of the limited scope of the issues being presented to the Court at the Sale Hearing concerning the Unliquidated Claims, the Parties need not produce documents related to the factual merits of the Unliquidated Claims in advance of the Sale Hearing. Nothing in this paragraph shall affect discovery for matters not related to the Unliquidated Claims, subject to the Parties' objections.

7. Despite exchanging deposition notices, because of the limited scope of the issues being presented to the Court at the Sale Hearing concerning the Unliquidated Claims, the Parties need not present witnesses for deposition related to the merits of the Unliquidated Claims in advance of the Sale Hearing.

8. To the extent the Court determines, by bench ruling or written order, that further factual or legal determination with respect to any matter in respect of the Unliquidated Claims outside the limitations of Paragraph 5 is necessary, as FitzWalter asserts, the Parties stipulate and agree as follows:

   i. The Sale Hearing will be continued to and start on a date set by this Court after such ruling or order, and will continue, as necessary, from day to day in each case as set by the Court and as may be extended by the Court as the Court's schedule permits, so the Court may hold an evidentiary hearing to determine (or estimate)

7

the amounts (if any) of the Unliquidated Claims (the "Continued Hearing"); in this regard, (a) the Debtors believe that the date of the Continued Hearing should be set no later than ten (10) days after the Sale Hearing, especially as the Stalking Horse Bidder has not consented to the postponement of the conclusion of the Sale adjudication (and "time is of the essence" is both a condition precedent in their stalking horse bid and in the Bidding Procedures); and (b) FitzWalter believes that such Continued Hearing should be held, consistent with general considerations and interests of due process, no earlier than April 13, 2022, especially given FitzWalter's view of the discovery needed for such Continued Hearing and the fact that the other Parties have not provided such discovery;

ii. The Parties shall produce documents responsive to the outstanding discovery requests and any additional materials requested by the Court related to matters to be addressed at the Continued Hearing no later than five (5) days after such ruling or order;

iii. The depositions of fact and expert witnesses shall be completed not less than five (5) days before the Continued Hearing; and

iv. The Parties shall file and serve their supplemental briefs and any accompanying declarations four (4) days before the Continued Hearing. The same deadline shall apply to any supporting party's or objecting party's joinders or statements in support or opposition to the Proposed Sale. No replies shall be permitted.

9. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation & Order on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation & Order.

10. The Parties shall not alter or modify this Stipulation & Order, except through an agreement of all Parties (which may be through email between counsel) or by order of the Court.

11. This Stipulation & Order may be executed and delivered (including by email or facsimile) in one or more counterparts, and by the different Parties hereto in separate counterparts, each of which when executed will be deemed to be an original, but all of which taken together will constitute one and the same agreement.

Dated: _____

                            HONORABLE DAVID S. JONES
                            UNITED STATES BANKRUPTCY JUDGE

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: New York, New York
         March 13, 2022

                            */s/ Brian F. Shaughnessy*
                            **TOGUT, SEGAL & SEGAL LLP**
                            Frank A. Oswald
                            Kyle J. Ortiz
                            Brian F. Shaughnessy
                            Jared C. Borriello
                            One Penn Plaza, Suite 3335
                            New York, New York 10119
                            Telephone: (212) 594-5000
                            Email: frankoswald@teamtogut.com
                                          kortiz@teamtogut.com
                                          bshaughnessy@teamtogut.com
                                          jborriello@teamtogut.com

                            *Counsel to the Debtors and Debtors in Possession*

Dated: New York, New York
      March 13, 2022

*/s/ Michael J. Edelman*
**VEDDER PRICE P.C.**
Michael J. Edelman
Jeremiah Vandermark
1633 Broadway, 31st Floor
New York, NY 10019
Telephone: (212) 407-7700
Email:  MJEdelman@VedderPrice.com
          JVandermark@VedderPrice.com

*Counsel to JP Lease Products & Services Co., Ltd., and JLPS Ireland Limited*

10

Dated: New York, New York
      March __, 2022

                **DEBEVOISE & PLIMPTON LLP**
                Sidney P. Levinson
                Isabella M. Cusano
                919 Third Avenue
                New York, NY 10022
                Telephone: (212) 909-6000
                Facsimile: (212) 9090-6836
                Email: slevinson@debevoise.com
                          imcusano@debevoise.com

                *Counsel to JLPS Leasing Uranus Limited*
                *and JLPS Leasing Draco Limited*

11

Dated:  March 13, 2022

*/s/ Benjamin I. Finestone*
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Benjamin I. Finestone
Zachary R. Russell
51 Madison Avenue, Fl. 22
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:  benjaminfinestone@quinnemanuel.com
           zacharyrussell@quinnemanuel.com

Justin C. Griffin (pro hac vice)
Eric Winston (pro hac vice)
865 South Figueroa Street, Fl. 10
Los Angeles, CA 90017
Telephone: (213) 443-3000
Email:  justingriffin@quinnemnauel.com
           ericwinston@quinnemanuel.com

Asher B. Griffin (pro hac vice)
300 West 6th Street, Suite 2010
Austin, TX 78710
Telephone: (737) 667-6103
Email:  ashergriffin@quinnemnauel.com

*Counsel to FitzWalter Capital*
*Partners (Financial Trading) Limited*

SCHEDULE 1

IN THE HIGH COURT OF JUSTICE        Claim No. QB-2022-000199
QUEEN'S BENCH DIVISION
MEDIA AND COMMUNICATIONS LIST

**Before:**
**Dated:**

**BETWEEN**

**FITZWALTER CAPITAL PARTNERS (FINANCIAL TRADING) LIMITED**
<u>**Claimant**</u>

**And**

**(1) JP LEASE PRODUCTS & SERVICES LIMITED**
**(2) JLPS IRELAND LIMITED**
**(3) JLPS LEASING DRACO LIMITED**
**(4) JLPS LEASING URANUS LIMITED**
**(5) HEINRICH LOECHTEKEN**

<u>**Defendants**</u>

---

**[Draft] ORDER**

---

**UPON** the Court having power to stay proceedings by CPR 3.1(2)(f),

**UPON** the Claimant having filed an application for alternative service on the First to Fourth Defendants and permission to serve the Fifth Defendant out of the jurisdiction,

**UPON** the First and Second Defendants having filed an application to challenge the Court's jurisdiction under CPR 11,

**UPON** the Order of Mr Justice Nicklin dated 8 March 2022 (the "**8 March Order**"),

**AND UPON** the Claimant and the First to Fourth Defendants having agreed to stay these proceedings,

**BY CONSENT IT IS ORDERED THAT:**
1.    These proceedings are stayed until 22 April 2022.

2. The 8 March Order is varied as follows:

    (a) the dates referred to at paragraph 1 are extended to 7 June 2022 and 21 December 2022 respectively;

    (b) the date referred to at paragraph 2 is extended to 29 April 2022;

    (c) the date referred to at paragraph 3 is extended to 13 May 2022;

    (d) the date referred to at paragraph 4 is extended to 27 May 2022; and

    (e) the date referred to at paragraph 11 is extended to 29 April 2022.

3. The First to Fourth Defendants shall not be deemed to have submitted to the jurisdiction of the Court by agreeing to the terms covered by this order.

4. There shall be no order as to costs.

**Dated this        day of                    2022**
**We consent to an order being made in the above terms**

Signed:                                                                Signed:

…………………………….                              ………………………………
Quinn Emanuel Urquhart & Sullivan LLP          Alius Law
For and on behalf of the Claimant                    For and on behalf of the First and Second Defendants
                                                                            (without prejudice to jurisdiction)


Signed:                                                                Signed:

…………………………….                              ………………………………
JLPS Leasing Draco Limited                              JLPS Leasing Uranus Limited
(without prejudice to jurisdiction)                     (without prejudice to jurisdiction)

2