**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Chapter 11 |
| JPA NO. 111 CO. LTD., and<br>JPA NO. 49 CO. LTD., | Case No.:  21-12075 (DSJ) |
| Debtors.[1] | (Jointly Administered) |

## STIPULATED CONFIDENTIALITY
## AGREEMENT AND PROTECTIVE ORDER

This Stipulated Confidentiality Agreement and Protective Order ("Order") is entered into by and among:  (a) the above-captioned debtors and debtors in possession (the "Debtors"); (b) the undersigned FitzWalter Capital Partners (Financial Trading) Limited ("FitzWalter"); and (c) any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto (a "Declaration").  Each of the persons or entities identified in the foregoing clauses (a) through (c) shall be referred to herein individually as a "Party," and, collectively, as the "Parties."

### Recitals

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to investigations, contested matters, adversary proceedings and other disputes (each a "Dispute" and, collectively, the "Disputes") arising out of or relating to the Debtors' filing of a voluntary petition under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court (the "Chapter 11 Cases"); and

---

[1]    The Debtors in these Chapter 11 Cases are:  JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd.  The Debtors' corporate address is Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another with respect to one or more Disputes, including through informal requests, Rule 2004 notices or motions, or service of document requests, interrogatories, depositions, and other discovery requests (collectively, "Discovery Requests") as provided by the Federal Rules of Civil Procedure (the "Federal Rules"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"); and

WHEREAS, there are certain persons or entities other than the Parties hereto[2] that may also seek to propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Cases;

NOW, THEREFORE, to facilitate and expedite the production, exchange and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material (as defined below) that a Party seeks to maintain as confidential, the Parties stipulate and agree as follows:

1.      Pending court approval of this Protective Order, the Parties agree to abide by all of its terms, as if it had been approved by the Court.

2.      Unless otherwise agreed by the Parties or ordered by the Court, all deadlines stated herein shall be computed pursuant to Rule 9006 of the Bankruptcy Rules.

---

[2]    Reference herein to "non-Parties" or a "non-Party," or a "non-Party" becoming a "Party," is for purposes of reference in this Order only.  All such references herein are not intended to reflect any agreement as to whether any "Party" is or will become a "party," or any "non-Party" will not be a "party," in any case or other proceeding, or otherwise to reflect any agreement as to the "party" or "non-party" status of any litigant.

3.      At his request, the U.S. Trustee shall be provided with access to all Discovery

Material on the terms provided herein and may conduct and participate in all discovery

contemplated and governed by this Order.  For purposes of this Order, the U.S. Trustee includes

all attorneys and any staff of the U.S. Trustee Program, including members of the Executive

Office for U.S. Trustees.

### Scope of Order

4.      This Order applies to all information, documents and things exchanged

(regardless of the date and/or time of such exchange) in, or subject to, discovery or provided in

response to a diligence request, either by a Party or a non-Party (each a "Producing Party") to

any other Party or non-Party (each a "Receiving Party"), formally or informally, in response to

or in connection with any Discovery Requests or diligence requests, including without limitation

deposition testimony, interviews, documents, data and other information (collectively,

"Discovery Material"), in the Chapter 11 Cases.  For the avoidance of doubt, Discovery Material

includes (and this Order applies to) all information, documents and things exchanged and/or

produced by any of the Parties before this Order was executed by the Parties or entered by the

Court.

5.      This Order also applies to all non-Parties that are served with subpoenas or who

otherwise produce documents or are noticed for depositions with respect to the Chapter 11

Cases, and all such non-Parties are entitled to the protections afforded hereby and subject to the

obligations herein upon signing a Declaration in the form provided as **Exhibit A** and agreeing to

be bound by the terms of this Order.

6.      Any Party or its counsel serving a subpoena which requires the production of

documents or testimony upon a non-Party shall serve a copy of this Order along with such

subpoena and instruct the non-Party recipient of such subpoena that he, she or it may designate

documents or testimony in the Chapter 11 Cases according to the provisions herein.  In the event

a non-Party has already been served with a subpoena or other discovery request at the time this

Order is entered by the Court, the serving Party or its counsel shall provide the service and notice

of this Order required by the preceding sentence as soon as reasonably practicable after entry of

this Order.

**Designating Discovery Material**

7.      Any Producing Party may designate Discovery Material as "Confidential

Material" or "Advisors' – Eyes Only" (any such Discovery Material, "Designated Material") in

accordance with the following provisions:

> (a)      Confidential Material:  A Producing Party may designate Discovery
> Material as "Confidential" if such Producing Party believes in good faith
> (or with respect to documents received from another person, has been
> reasonably advised by such other person) that such Discovery Material
> constitutes or contains nonpublic, proprietary, commercially sensitive, or
> confidential technical, business, financial, personal or other information;
> or is subject by law or by contract to a legally protected right of privacy;
> or the Producing Party is under a preexisting obligation to a third-party to
> ensure its confidential treatment; or the Producing Party has in good faith
> been requested by another Party or non-Party to so designate on the
> grounds that such other Party or non-Party considers such material to
> contain information that is confidential or proprietary to such Party or
> non-Party.

> (b)      Advisors'-Eyes Only Material:  A Producing Party may designate
> Discovery Material as "Advisors'-Eyes Only" if such Producing Party
> believes in good faith (or with respect to documents received from another
> person, has been reasonably advised by such other person) that such
> Discovery Material is of such a nature that a risk of competitive injury
> would be created if such Discovery Material were disclosed to persons
> other than those identified in Paragraph 13 of this Order.  "Advisors'-Eyes
> Only" material may include certain trade secrets, sensitive financial or
> business information, or material prepared by the Producing Party's
> industry professionals, advisors, financial advisors, accounting advisors,
> experts and consultants (and their respective staff), to the extent that the
> Producing Party believes in good faith that such material is of such a
> nature that "Advisors'-Eyes Only" treatment is warranted.

4

8.      <u>Manner of Designation</u>:  Where reasonably practicable, any Designated Material shall be designated by the Producing Party as such by marking every such page "Confidential" or "Advisors'-Eyes Only" as applicable.  Such markings should not obliterate or obscure the content of the material that is produced.  Where marking every page of such materials is not reasonably practicable, a Producing Party may designate material as "Confidential" or "Advisors'-Eyes Only" by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production that such material is "Confidential" or "Advisors'-Eyes Only." Inclusion of the words "Confidential" or "Advisors'-Eyes Only" in the file names of any native file documents shall be deemed to comply with this requirement.

9.      <u>Designation of Written Discovery Material</u>:  Where Designated Material is produced in the form of a written response to a request for written discovery (including, without limitation, written responses to interrogatories), the Producing Party may designate such material by imprinting "Confidential" or "Advisors'-Eyes Only" as applicable before the written response, or by informing the Receiving Party in writing in a clear and conspicuous manner at the time of production that such material is "Confidential" or "Advisors'-Eyes Only."  The designation of Discovery Material as "Confidential" or "Advisors'-Eyes Only," regardless of the medium or format of such Designated Material or the method of designation as provided for herein, shall constitute a representation by the Producing Party that there is a good-faith basis for that designation.

10.     <u>Late Designation of Discovery Material</u>:  The failure to designate particular Discovery Material as "Confidential" or "Advisors'-Eyes Only" at the time of production shall not operate to waive a Producing Party's right to later designate such Discovery Material as Designated Material or later apply another designation pursuant to this Order ("<u>Misdesignated</u>

Material"). At such time, arrangement will be made for the destruction of the Misdesignated Material or for the return to the Producing Party of all copies of the Misdesignated Material and for the substitution, where appropriate, of properly labeled copies of such Discovery Material. Upon receipt of replacement copies of such Misdesignated Material with the proper designation, the Receiving Party or Parties shall take all reasonable steps to return or destroy all previously produced copies of such Misdesignated Material. Notwithstanding the foregoing, no Party shall be deemed to have violated this Order if, prior to notification of any later designation, such Discovery Material was disclosed or used in any manner consistent with its original designation but inconsistent with its later designation. Once such later designation has been made, however, any Discovery Material shall be treated in accordance with that later designation; provided, however, that if the material that was not designated has been, at the time of the later designation, previously publicly filed with a court or otherwise made publicly available (other than in violation of this Order), no Party shall be bound by such later designation except to the extent determined by the Court upon motion of the Party or non-Party that failed to make the designation.

### Use and Disclosure of Confidential or Advisors'-Eyes Only Material

11.    <u>General Limitations On Use And Disclosure Of All Discovery Material</u>:  Except as set forth in paragraph 31, unless otherwise agreed to in writing by the Producing Party or ordered by the Court, all Discovery Material, whether Designated Material or non-Designated Material, shall be used by the Receiving Parties solely for the purposes of the Chapter 11 Cases, and not used or disclosed by the Receiving Parties for any other purpose, including any business, competitive, governmental, commercial, or administrative purpose or function, or any other legal or regulatory proceeding.

12.    <u>Confidential Material</u>:  Confidential Material, and any and all information

contained therein, may be given, shown, made available or communicated only to the following:

(a)    outside counsel for the Parties in the Chapter 11 Cases and regular or temporary employees and service vendors of such counsel (including outside copying and litigation support services), in each case only as necessary to assist with or make decisions with respect to the Chapter 11 Cases;

(b)    the Parties in the Chapter 11 Cases and the directors, officers, and employees of the Parties who are assisting counsel in the Chapter 11 Cases, in each case only as necessary to assist with or make decisions with respect to the Chapter 11 Cases;

(c)    any person who is indicated on the face of a document to have been (i) an author, addressee or copy recipient thereof, (ii) an actual or intended recipient thereof, or (iii) in the case of meeting minutes, an attendee of the meeting;

(d)    witnesses, noticed or subpoenaed, either at a deposition, through other Discovery Requests, or in court proceedings, and the witness's counsel, to the extent that such disclosure is reasonably necessary for the proceedings or the resolution of the Disputes, provided that the witness has signed or agreed on the record to sign a Declaration in the form provided as **<u>Exhibit A</u>** hereto.  Those witnesses or deponents who are shown Confidential Material shall not be allowed to retain copies;

(e)    upon written notice to and with the written consent of the Producing Party (which shall not be unreasonably withheld), any other persons or entities who become bound by this Order by signifying their assent through execution of **<u>Exhibit A</u>** hereto (including pursuant to paragraph 5 hereof), including their respective managers, partners, directors, officers, and agents—in each case, only as necessary to assist with or make decisions with respect to the Chapter 11 Cases, and only after he/she has signed a Declaration in the form provided as **<u>Exhibit A</u>** hereto; and

(f)    any additional persons specified in Paragraph 13 below.

13.    <u>Advisors'-Eyes Only Material</u>:  Advisors'-Eyes Only Material, and any and all

information contained therein, may be given, shown, made available or communicated only to

the following:

(a)    outside counsel for the Parties in the Chapter 11 Cases and regular or temporary employees and service vendors of such counsel (including

outside copying and litigation support services), in each case only as necessary to assist with or make decisions with respect to the Chapter 11 Cases;

(b)     upon written notice to and the written consent of the Producing Party (which shall not be unreasonably withheld), outside counsel for any other persons or entities who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto (including pursuant to paragraph 5 hereof);

(c)     professionals retained under 11 U.S.C. § 328, or other professionals, industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the signatories to this Order in connection with the Chapter 11 Cases, in each case only as necessary to assist with or make decisions with respect to the Chapter 11 Cases who become bound by this Order by signifying their assent through execution of **Exhibit A** hereto;

(d)     court reporters, stenographers, or videographers who record testimony in connection with the Chapter 11 Cases;

(e)     the Court, its officers and clerical staff in any judicial proceeding that may result from the Chapter 11 Cases;

(f)     the U.S. Trustee, including all attorneys and any staff of the U.S. Trustee Program, including members of the Executive Office for U.S. Trustees;

(g)     witnesses being questioned, either at a deposition or in court proceedings, and the witness's counsel, where the witness is indicated on the face of the document to have been (i) an author, addressee or copy recipient thereof, (ii) an actual or intended recipient thereof, or (iii) in the case of meeting minutes, an attendee of the meeting, in each case only to the extent such disclosure is reasonably necessary for the proceedings or the resolution of the Disputes, provided that the witness has signed or agreed on the record to sign a Declaration in the form provided as **Exhibit A** hereto. Those witnesses or deponents who are shown Advisors'-Eyes Only Material shall not be allowed to retain copies; and

(h)     any other person or entity with respect to whom the Producing Party may consent in writing.

14.     <u>Sealing of Designated Material Filed With Or Submitted To the Court</u>:  Any Party that intends to file ("<u>Filing Party</u>") with the Court pleadings, documents or other papers (or attachments thereto) containing Designated Material shall first seek permission to file the Designated Material under seal in accordance with the procedures set forth in Local Rule 9018-1

8

or other applicable rules – including, Judge Jones' Chambers Rules and, as applicable, the

Interim Under Seal Filing Procedures and General Order M-558, *In re: Procedures for the*

*Filing, Service, and Management of Highly Sensitive Documents*, entered on January 12, 2021 –

in which event, the Filing Party, the Designating Party, the Debtors, and together with any other

Parties who have expressed interest in participating in such meet and confer, shall meet and

confer in an effort to work together to agree on redacted filings that minimize the disclosure of

confidential information.

15.    <u>Use of Discovery Material in Open Court</u>:  Counsel for any Party or non-Party

shall confer on such procedures as are necessary to protect the confidentiality of Confidential

Material or Advisors'-Eyes Only Material used in the course of any Court proceeding in the

Chapter 11 Cases, and in the event counsel cannot agree on such procedures, the question shall

be submitted to the Court.

<b><u>Depositions</u></b>

16.    <u>Deposition—Manner of Designation</u>:  In the case of depositions, if counsel for a

Party or non-Party believes that a portion of the testimony should be Designated Material of such

Party or non-Party, such testimony may be designated as appropriate by:

(a)    Stating so orally on the record and requesting that the relevant portion(s) or entire transcript of testimony is so designated; or

(b)    Providing written notice within seven (7) days of the Party's or non-Party's receipt of the final transcript from the court reporter that the relevant portion(s) or entirety of such transcript or video of a deposition thereof is so designated, except in the event that a hearing on related issues is scheduled to occur within seven (7) days, in which case the foregoing seven (7) day period will be reduced to three (3) business days.  Such designation and notice shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of or the entire transcript that is so designated, and directing the court reporter to treat the transcript as provided in Paragraph 20 below.  Until expiration of the aforesaid seven (7) or three (3) day period following receipt of the transcript by the Parties or non-Parties, all deposition transcripts and

9

videotapes shall be considered and treated as Advisors'-Eyes Only unless otherwise agreed on the record at the deposition.

(c)    If Discovery Materials produced by a non-Party are used during a deposition in the absence of the producing non-Party, the Party or non-Party who used such Discovery Materials must send a copy of the relevant portions of the final transcript related to or discussing the producing non-Party's Discovery Materials within two (2) business days of receipt of the final transcript.

17.    <u>Designated Material Used as Exhibits during Depositions</u>:  Nothing in Paragraph 16 shall apply to or affect the confidentiality designations of Discovery Material entered as exhibits at depositions.  Designated Material shall not lose its confidentiality status as a result of being marked as a deposition exhibit.

18.    <u>Witness Review of Deposition Testimony</u>:  Nothing in Paragraphs 16 or 17 shall preclude the witness from reviewing his or her deposition transcript and accompanying exhibits.

19.    <u>Presence of Certain Persons During Designated Deposition Testimony</u>:  When Designated Material is elicited during a deposition, persons not entitled to receive such information under the terms of this Order shall be excluded from the portion of the deposition so designated.

20.    <u>Responsibilities and Obligations of Court Reporters</u>:  In the event that testimony is designated as Confidential or Advisors'-Eyes Only, the court reporter shall be instructed to include on the cover page of each such transcript the legend:  "This transcript portion contains information subject to a Protective Order and shall be used only in accordance therewith" and each page of the transcript shall include the legend "Confidential" or "Advisors'-Eyes Only," as appropriate.  If the deposition is videotaped, the videotape shall also be subject to the same level of confidentiality as the transcript and include the legend "Confidential" or "Advisors'-Eyes Only," as appropriate, if any portion of the transcript itself is so designated.

**GENERAL PROVISIONS**

21.    This Order is a procedural device intended to protect Discovery Materials

designated as Confidential or Advisors'-Eyes Only.  Nothing in this Order shall affect any

Party's or non-Party's rights or obligations unrelated to the confidentiality of Discovery

Materials.

22.    Nothing contained herein shall be deemed a waiver or relinquishment by any

Party or non-Party of any objection, including but not limited to, any objection concerning the

alleged confidentiality, the designation of Designated Material, or proprietary nature of any

documents, information, or data requested by a Party or non-Party, any right to object to any

Discovery Request, or any right to object to the admissibility of evidence on any ground, or to

seek any further protective order, or to seek relief from the Court or any other applicable court

from any provision of this Order by motion on notice on any grounds.

23.    <u>Unauthorized Disclosure of Designated Material</u>:  In the event of a disclosure by a

Receiving Party of Designated Material to persons or entities not authorized by this Order to

receive such Designated Material, the Receiving Party making the unauthorized disclosure shall,

upon learning of the disclosure, immediately notify the person or entity to whom the disclosure

was made that the disclosure contains Designated Material subject to this Order, immediately

make reasonable efforts to recover the disclosed Designated Material as well as preclude further

review, dissemination, or use by the person or entity to whom the disclosure was made, and

immediately notify the Producing Party of the identity of the person or entity to whom the

disclosure was made, the circumstances surrounding the disclosure, and the steps taken to

recover the disclosed Designated Material and ensure against further review, dissemination, or

use thereof.  Disclosure of Designated Material other than in accordance with the terms of this

Order may subject the disclosing person to such sanctions and remedies as the Court may deem appropriate.

24.     <u>Manner of Objecting to Designated Material</u>:  If any Receiving Party objects to the designation of any Designated Material (whether such designation is made on a permanent basis or temporary basis with respect to deposition testimony), the Receiving Party shall first raise the objection with the Producing Party in writing, identify the Discovery Material subject to the challenge, explain the basis for its belief that the Designated Material was not properly designated, and confer in good faith to attempt to resolve any dispute respecting the terms or operation of this Order.  If within three (3) business days after receipt of an objection in writing (provided the Parties have previously conferred in good faith as provided herein), the Producing Party does not agree to change the designation of the Designated Material, the Receiving Party may seek relief from the Court.  Until the Court rules on such an issue, the Designated Material shall continue to be treated as designated by the Producing Party.  Upon a motion, the Court may order the removal of the "Confidential" or "Advisors'-Eyes Only" designation from any Discovery Material so designated subject to the provisions of this Order.  The burden of establishing that information has been properly designated as Designated Material is on the Designating Party.  Notwithstanding the foregoing, circumstances may exist which require a party to seek Court authority to remove the "Confidential" or "Advisors'-Eyes Only" designation of Designated Material on a more expedited basis.  In such a circumstance, the moving party will provide advance notice to the Producing Party prior to seeking relief from the Court.

25.     <u>Timing of Objections to Designated Material</u>:  A Receiving Party shall not be obliged to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  The failure of any Receiving Party to

challenge the designation by a Producing Party of Discovery Materials as "Confidential" or "Advisors'-Eyes Only" during the discovery period shall not be a waiver of that Receiving Party's right to object to the designation at an evidentiary hearing or trial.

26.    <u>Inadvertent Production of Privileged Discovery Material</u>:  Pursuant to Federal Rule of Evidence 502(d), and Rule 26(b)(5)(B) of the Federal Rules, made applicable hereto by Rule 7026 and/or 9014 of the Bankruptcy Rules, the disclosure of documents or information containing privileged information or information constituting attorney work product or otherwise protected from disclosure, whether inadvertent, unintentional, or otherwise, shall not constitute a waiver of the privilege or protection in the Chapter 11 Cases or any state or federal proceeding. This Order shall be interpreted to provide the maximum protection allowed under Federal Rule of Evidence 502(d) and Rule 26(b)(5)(B) of the Federal Rules.  Nothing herein is intended to or shall serve to limit a Party's right to conduct a review of documents, electronically stored information, or other information (including metadata), for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Upon request from the Producing Party, the Receiving Party must destroy any document over which privilege or protection is asserted, all copies, and any information derived therefrom, regardless of whether the Receiving Party agrees with the assertion of privilege or protection.  The Receiving Party may move to compel production of a copy of the document should it challenge the designation of privilege or protection.

27.    <u>Use of Non-Confidential Material</u>:  To the extent that any Receiving Party has documents or information that (a) were already in its possession at the time the same document or information is received from a Producing Party and are not Discovery Material or otherwise subject to any other confidentiality agreement, non-disclosure agreement, or other confidentiality

obligation; (b) are received or become available to a Receiving Party on a non-confidential basis, not in violation of an obligation of confidentiality to any other person; (c) were independently developed by such Receiving Party without violating its obligations hereunder; or (d) are published or become publicly available in a manner that is not in violation of this Order or of any obligation of confidentiality to any other person (collectively "Non-Confidential Material"), nothing in this Order shall limit a Receiving Party's ability to use Non-Confidential Material in a deposition, hearing, trial or otherwise in connection with the Chapter 11 Cases, or otherwise. Nothing in this Order shall affect the obligation of any Receiving Party to comply with any other confidentiality agreement with, or undertaking to, any other person or Party, including, but not limited to, any confidentiality obligations arising from agreements entered into prior to the Chapter 11 Cases.

28.    Obligations Following Conclusion of the Chapter 11 Cases:  Within 90 days of the resolution of the Chapter 11 Cases or entry of final judgment not subject to further appeal as to all Parties, unless otherwise agreed to by the Parties or ordered by a court, all Parties and non-Parties shall take all reasonable steps to return to counsel for the respective Producing Party, or to destroy, all Designated Material, and all copies thereof in the possession of any person, except that counsel may retain for its records (a) their work product; (b) a copy of court filings, transcripts, deposition/examination recordings, deposition/examination exhibits, expert reports; and (c) exhibits introduced at any hearing or trial.  A Receiving Party may retain Designated Material that is auto-archived or otherwise "backed up" on electronic management and communications systems or servers, or as may be required for regulatory recordkeeping purposes; provided that such retained documents will continue to be treated as Designated Material consistent with the provisions in this Order.  If a Receiving Party chooses to take all

reasonable steps to destroy, rather than return, documents in accordance with this paragraph, that

Receiving Party shall, if requested by the Producing Party, verify such destruction in writing to

counsel for the Producing Party.  Notwithstanding anything in this paragraph, to the extent that

the information in the Designated Material remains confidential, the terms of this Order shall

remain binding.

29.     <u>Continuing Applicability of Confidentiality Agreement and Stipulated Protective</u>

<u>Order</u>:  The provisions of this Order shall survive the final resolution of the Chapter 11 Cases for

any retained Designated Material.  The final termination of the Chapter 11 Cases shall not relieve

counsel or other persons obligated hereunder from their responsibility to maintain the

confidentiality of Designated Material pursuant to this Order, and the Court shall retain

jurisdiction to enforce the terms of this Order.

30.     <u>Amendment of Confidentiality Agreement and Stipulated Protective Order</u>:  Upon

good cause shown, and on notice to all Parties and all Producing Parties, any Party may move to

amend the provisions of this Order at any time or the Parties may agree by written stipulation,

subject to further order of the Court if applicable, to amend the provisions of the Order.

31.     <u>Disclosure of Designated Material in Other Proceedings</u>:  Any Receiving Party

that may be subject to a motion or other form of legal or regulatory process or demand seeking

the disclosure of a Producing Party's Designated Material shall (a) notify the Producing Party

within three (3) business days of receipt of such process or demand (unless such notice is

prohibited by applicable law, rule, or regulation); (b) provide that Producing Party with a

reasonable opportunity to appear and be heard on whether that information should be disclosed;

(c) immediately inform in writing the party who caused the process to issue that some or all of

the material requested is the subject of this Order and deliver a copy of this Order to such party

that caused the process to issue; and (d) in the absence of a court order preventing such

disclosure, the Receiving Party shall be permitted to disclose only that portion of the information

that is legally required to be disclosed and shall inform in writing any person to whom such

information is so disclosed of the confidential nature of such information; provided, however,

nothing in this Order shall prevent or in any way limit the ability of the U.S. Trustee or any other

entity of the United States in using and disclosing Designated Material for civil or criminal law

enforcement purposes only, whether informally, in compliance with a subpoena or court order, or

otherwise, including without limitation disclosing Designated Material to any other federal

governmental entity, and notwithstanding the provisions of Paragraph 28 retaining such

documents as such entity deems appropriate.  To the extent that Designated Material is sought

from the U.S. Trustee pursuant to any request under the Freedom of Information Act, the Privacy

Act, or other applicable law requiring disclosure, or informal requests from other government

agencies other than for purposes other than civil or criminal law enforcement, prior to the

disclosure of any Designated Material, the U.S. Trustee shall provide the Designating Party with

prompt written notice to give the Designating Party an opportunity to object to the disclosure of

any specific portion of the Designated Material. If the Designating Party does not object within

seven days of receipt of the U.S. Trustee's written notice, then the U.S. Trustee may disclose the

Designated Material.  If the Designating Party objects, then the U.S. Trustee will not disclose the

Designated Material until either (a) a consensual resolution is reached or (b) the Designating

Party obtains a ruling from the Court or is denied relief from the Court.

    32.    <u>Use of Designated Material by Producing Party</u>:  Nothing in this Order affects the

right of any Producing Party to use or disclose its own Designated Material in any way.

33.    <u>Obligations of Parties</u>:  Nothing herein shall relieve a Party of its obligations

under the Federal Rules, the Bankruptcy Rules, the Federal Rules of Evidence, and the Local

Rules, or under any future stipulations and orders, regarding the production of documents or the

making of timely responses to Discovery Requests in connection with the Chapter 11 Cases.

34.    <u>Advice Of Counsel</u>:  Nothing herein shall prevent or otherwise restrict counsel

from rendering advice to their clients in connection with the Chapter 11 Cases and, in the course

thereof, relying on examination of Designated Material; provided, however, that in rendering

such advice and otherwise communicating with such client, counsel shall not make specific

disclosure of any information in any manner that is inconsistent with the restrictions or

procedures set forth herein.

35.    <u>Material Non-Public Information</u>:  Any Receiving Party acknowledges that by

receiving Designated Materials it may be receiving material non-public information about

companies that issue securities and that the determination as to whether it has received material

non-public information shall be the sole responsibility of such receiving entity.  For the

avoidance of doubt, the Producing Party is under no obligation to designate or mark, or cause to

be designated or marked, any Designated Material that may be determined to constitute material

non-public information.

36.    <u>Entire Agreement</u>:  This Order constitutes the entire agreement among the Parties

pertaining to the use and disclosure of Discovery Material in connection with the Chapter 11

Cases and supersedes prior agreements and understandings pertaining to that subject matter, it

being understood that any restrictions, limitations, or protections concerning confidentiality or

non-disclosure in a prior written agreement shall continue to be in full force and effect,

notwithstanding the terms of this Order.

37.    <u>Notice</u>:  When notice is permitted or required by the provisions hereof, such

notice shall be in writing, directed to the undersigned counsel of the Party to receive such notice,

at the corresponding email addresses indicated below, or to counsel of any non-Party receiving

such notice.  Notice shall be delivered by email, and shall be effective upon receipt.

Dated: New York, New York
          March 15, 2022

                                                    *s/ David S. Jones*
                                                    Honorable David S. Jones
                                                    United States Bankruptcy Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated:  February 25, 2022

                                                    */s/Jared C. Borriello*
                                                    **TOGUT, SEGAL & SEGAL LLP**
                                                    Frank A. Oswald
                                                    Kyle J. Ortiz
                                                    Brian F. Shaughnessy
                                                    Jared C. Borriello
                                                    One Penn Plaza, Suite 3335
                                                    New York, New York 10119
                                                    Telephone:  (212) 594-5000
                                                    Email:   frankoswald@teamtogut.com
                                                              kortiz@teamtogut.com
                                                              bshaughnessy@teamtogut.com
                                                              jborriello@teamtogut.com

                                                    *Counsel to Debtors and Debtors in Possession*

Dated:  February 25, 2022

*/s/Benjamin I. Finestone*

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Benjamin I. Finestone
Zachary R. Russell
51 Madison Avenue, Fl. 22
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
Email:  benjaminfinestone@quinnemanuel.com
          zacharyrussell@quinnemanuel.com

Justin C. Griffin (pro hac vice)
Eric Winston (pro hac vice)
865 South Figueroa Street, Fl. 10
Los Angeles, CA 90017
Telephone: (213) 443-3000
Email:  justingriffin@quinnemnauel.com
          ericwinston@quinnemanuel.com

Asher B. Griffin (pro hac vice)
300 West 6th Street, Suite 2010
Austin, TX 78710
Telephone: (737) 667-6103
Email:  ashergriffin@quinnemnauel.com

*Counsel to FitzWalter Capital*
*Partners (Financial Trading) Limited*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JPA NO. 111 CO. LTD., and JPA NO. 49 CO. LTD., | Case No.:  21-12075 (DSJ) |
| Debtors.[1] | (Jointly Administered) |

### Exhibit A

JOINDER TO CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

Reference is made to that certain Stipulated Confidentiality Agreement and [Proposed] Protective Order (the "Protective Order"), dated as of [ ], 2022, by and between the above-captioned debtors and debtors in possession (the "Debtors") and other parties as specified in the signature pages of this Protective Order, and any other persons or entities who become bound by this Order (collectively with the foregoing, each individually a "Party" and collectively the "Parties").  All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Protective Order.

The undersigned, [Law firm Name] (the "Joinder Party") is counsel to [Client Name] and hereby:

(i)      acknowledges that it has received and reviewed a copy of the Protective Order, and agrees to be bound by the terms and conditions of the Protective Order;

(ii)     acknowledges and agrees that the Joinder Party is entitled to receive Advisors'-Eyes Only Material and Confidential Material solely for the purposes of the Chapter 11 Case; and further certifies that it will not use the Designated Material for any purpose other than in connection with the Chapter 11 Case, and will not disclose or cause Designated Material to be disclosed to anyone not expressly permitted by the Protective Order to receive Designated Material; and

(iii)    acknowledges and agrees that by receiving Designated Material:  (a) the Joinder Party may be receiving material non-public information about companies that issue securities; and (b) there exist laws, including federal securities laws, that may restrict or prohibit the sale or purchase of securities of such companies as a result of the receipt of such information.

---

[1]    The Debtors in these Chapter 11 Cases are:  JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd.  The Debtors' corporate address is Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

The undersigned hereby submits to the jurisdiction of the Bankruptcy Court solely with respect to the provisions of the Protective Order.

This Joinder and all obligations hereunder shall terminate in parallel with the Protective Order.


[JOINDER PARTY]

By:_____

Name:

Title: