**FRE 408; FOR DISCUSSION PURPOSES ONLY**
**NOT AN OFFER, COMMITMENT OR CONTRACT**

## SETTLEMENT ADDENDUM

March 25, 2022

    This Settlement Addendum sets forth certain of the terms for the settlement and resolution of certain claims and other matters, by and among, each of the following four groups of Parties (each, a "Group"):

(a)      the following parties (collectively, the "JPA Parties"):

    (i)      JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. (together, the "Debtors"), as debtors and debtors in possession in the chapter 11 cases pending under case number 21-12075 (DSJ) filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") filed on December 17, 2021 (the "Petition Date");

    (ii)      JP Lease Products & Services Co. Ltd. ("JPL");

    (iii)      JLPS Ireland Limited ("JLPS");

    (iv)      Heinrich Loechteken; and

    (v)      each affiliate, agent, officer, and director of the foregoing JPA Parties;

(b)      the following parties (collectively, the "FitzWalter Parties"):

    (i)      FitzWalter Capital Partners (Financial Trading) Limited ("FitzWalter");

    (ii)      FitzWalter Aviation (Holdings) 2 Limited ("FitzWalter Aviation"); and

    (iii)      each affiliate, agent, officer, and director of the foregoing FitzWalter Parties;

(c)      the following parties (collectively, the "Intermediate Lessors"):

    (i)      JLPS Leasing Draco Limited f/k/a DAE Leasing (Ireland) 12 Limited ("JLPS Draco");

    (ii)      JLPS Leasing Uranus Limited f/k/a PAAL Uranus Company Limited ("JLPS Uranus"); and

    (iii)      each affiliate, agent, officer, and director of the foregoing Intermediate Lessors;

(d)      the following parties (collectively, the "Purchasers"):

    (i)      Capital Reef LLC (or its designee Flicker Ltd.), as buyer of the MSN 067 Aircraft and related assets; and

(ii)  Isle Royale LLC (or its designee Coot Ltd.), as buyer of the MSN 173 Aircraft and related assets.

Collectively, the JPA Parties, the FitzWalter Parties, the Intermediate Lessors, and the Purchasers are referred to herein as the "Parties" and each a "Party".[1]

| | |
|---|---|
| **Sale Objections** | Upon execution of this Term Sheet, FitzWalter and the Intermediate Lessors agree to withdraw all objections to the Motion and related issues (including, without limitation, the Sale, the Enforcement Notices and the Assigned Contracts); provided that FitzWalter's and the Intermediate Lessors' rights to assert such objections are reserved to the extent that the Closing Date does not occur. |
| **Secured Obligations** | The Parties agree that in full and final satisfaction of all amounts asserted by FitzWalter (in any of its capacities) that have been disputed by, *inter alia,* the Debtors, (a) FitzWalter shall hold an allowed, non-subordinated, senior secured claim (the "FitzWalter Claim") in the amount of the aggregate of (i) principal and accrued but unpaid interest as set forth in Exhibit C to the Sale Order and (ii) $4,000,000 in reasonable fees, costs and charges (($2 million for each Debtor as reflected in Exhibit C to the Sale Order) and (ii) shall irrevocably be paid cash equal to the FitzWalter Claim from the proceeds of the Sale by the Purchasers on the Closing Date.<br><br>In addition, the Debtors and FitzWalter, in its capacities as Security Agent and Majority Lender, agree that the full amount of the Secured Obligations owed by each Debtor and its estate and any of the Obligors constitutes allowed, non-subordinated secured claims as set forth in Exhibit C to the Sale Order and that such amounts shall be paid by the Purchasers in accordance with the terms hereof and the Sale Order and that no further or additional amounts shall be considered Secured Obligations or claims against the Debtors and any other Obligors under the Transaction Documents or otherwise.<br><br>Upon such payments any obligations of any parties to the Proceeds Agreement (who are intended third party beneficiaries hereof) shall be deemed discharged and released. |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Order (A) Approving Stalking Horse Purchase Agreements; (B) the Sale of the Purchased Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (D) Granting Related Relief* to which this Settlement Addendum is attached (the "Sale Order").

2

| **English Lawsuit / Japanese Dispute / Irish Dispute** | Upon the occurrence of the Closing, FitzWalter agrees to cause the voluntarily dismissal with prejudice and without costs all claims against JPL, JLPS, the Intermediate Lessors, and Heinrich Loechteken pending in the High Court of England and Wales, Queen's Bench Division, Media and Communications List under Claim No. QB-2022-000199 (the "London Litigation") and to cease all other actions against JPL, JLPS, the Intermediate Lessors and Mr. Loechteken in Japan (the "Japanese Dispute") and Ireland (the "Irish Dispute"). <br><br> By no later than one (1) business day following the Closing Date, FitzWalter shall cause the dismissal of the London Litigation to be filed in the form annexed hereto as **Exhibit 1**, along with any other documents as may be necessary or reasonable to effectuate the foregoing dismissal, without costs, with prejudice of the London Litigation. |
|---|---|
| **Debtors' Complaint (Adv. Pro. No. 22-01004)** | Upon the occurrence of the Closing, the Debtors agree to voluntarily dismiss with prejudice all claims against FitzWalter and any related or other relief sought pending in Adversary Proceeding No. 22-01004 (DJS) (the "Debtors' Adversary Proceeding"). <br><br> By no later than one (1) business day following the Closing Date, the Debtors shall file a notice effectuating the foregoing voluntarily dismissal with prejudice in the Debtors' Adversary Proceeding. |
| **FitzWalter Complaint (Adv. Pro. No. 22-01006)** | Upon the occurrence of the Closing, FitzWalter agrees to voluntarily dismiss with prejudice all claims against the Debtors and any related or other relief sought pending in Adversary Proceeding No. 22-01006 (DSJ) (the "FitzWalter Adversary Proceeding" and, together with the Debtors' Adversary Proceeding, the "Adversary Proceedings"). <br><br> By no later than one (1) business day following the Closing Date, FitzWalter shall file a notice effectuating the foregoing voluntary dismissal with prejudice in the FitzWalter Adversary Proceeding. |
| **FitzWalter's Pending Appeal** | Upon the occurrence of the Closing, FitzWalter agrees to voluntarily dismiss with prejudice the appeal pending in the U.S. District Court for the Southern District of New York under case no. 1:22-cv-01582-PGG (the "FitzWalter Appeal"). <br><br> By no later than one (1) business day following the Closing Date, FitzWalter shall file a notice effectuating the foregoing voluntary dismissal with prejudice in the FitzWalter Appeal. |

| | |
|---|---|
| **Mutual Releases** | Effective upon the Closing Date, by and among each of the following (a) each Group (and each of the Parties within each Group) and (b) each of such Parties' predecessors, successors, and assigns, and all of their respective current and former partners, members, officers, directors, principals, affiliates, shareholders (and any fund managers, fiduciaries or other agents of shareholders with an involvement related to the Parties), investors, employees, agents (including, without limitation, Airborne Capital Limited), representatives, managers, subsidiaries, financial advisors, attorneys, accountants, investment bankers, consultants, management companies, fund advisors and other professionals, and any and all other parties holding an interest in any of them, each in their capacity as such (the foregoing (b), collectively, the "<u>Related Parties</u>") for consideration provided herein and pursuant to the Sale and other good and valuable consideration received by them do fully and forever release, remise, relinquish, acquit, waive and discharge each of the other Parties and their respective Related Parties of and from any and any and all claims, demands, sums of money, actions, rights of action, contracts, agreements, losses, injuries, damages, assertions, allegations, controversies, proceedings, obligations and liabilities, whether known or unknown, asserted or unasserted, suspected or unsuspected, accrued, unaccrued, fixed, contingent, pending, or threatened of every kind or nature whatsoever, whether in law, equity, bankruptcy or otherwise (the "<u>Claims</u>"), which, as against each of the other releasing parties and their respective Related Parties, or any one of them, had, have or may have had from the beginning of time until the Closing Date with respect to, arising from, related to, or in connection with the Aircraft, the Transaction Documents, the Secured Obligations (as defined in the Transaction Documents), the Sale Transaction Documents (including, for the avoidance of doubt, each Enforcement Notice and Bill of Sale), the Chapter 11 Cases, the London Litigation, the Japanese Dispute, the Irish Dispute, the Adversary Proceedings, the FitzWalter Appeal, the Motion, the Bidding Procedures, the Sale, and the negotiation and documentation of any of the foregoing (including, without limitation, the Stalking Horse Purchase Agreements and any related term sheets and the effectuation of the transactions contemplated thereunder); <u>provided</u> that the foregoing mutual releases, remissions, relinquishments, acquittances, waivers, and discharges shall be subject to the following limitations, (a) solely in respect of the Debtors and the Purchasers, nothing herein shall affect or limit the rights, claims and interest as among the Parties that are members of the same Group as amongst themselves; and (b) nothing herein shall alter or modify any of the express terms of the Sale Order. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any of the Parties' obligations under the Stalking Horse Purchase Agreements, the Sale Order, or any other Sale Transaction Document. |

4

| | |
|---|---|
| **Further Assurances** | The Debtors agree to seek approval of the Sale Order with this Settlement Addendum annexed thereto as soon as reasonably practicable after the date hereof. |
| | Each of the Parties hereby further agrees to execute and deliver, or cause to be executed and delivered, all documents and instruments, and shall take, or cause to be taken, all such further or other actions as any of the Parties hereto reasonably deems necessary or desirable to consummate and/or give effect to the terms of this Settlement Addendum, the Sale Order and the Sale, including such actions as may be necessary to vest, perfect or confirm or record or otherwise in the Purchasers their right, title and interest in and to their respective Purchased Assets (including, without limitation, the transfer of the Aircraft, the OPERA relating to the Aircraft, any warranties relating to the Aircraft, the Lease Assets, the Transferred Contracts and any other Purchased Assets). |
| **Approval; Effective Date** | The Parties agree that this Settlement Addendum shall be attached as an exhibit and addendum to the Sale Order and approved thereby. |
| | This Settlement Addendum shall be binding and enforceable upon the Parties upon its execution by all of the undersigned; <u>provided</u> that anything in this Settlement Addendum conditioned by its terms upon the occurrence of the Closing Date shall only be effective upon the Closing Date. |
| | The Sale Order shall provide that any persons served with adequate notice of the Settlement Addendum shall be bound by the terms of the Sale Order, including the terms of the Settlement Addendum. |
| **Representations; Authority** | Each of the Parties, by and through its undersigned counsel, represents and warrants that it is duly authorized to enter into and be bound by this Settlement Addendum, that it has full knowledge of and has consented to this Settlement Addendum, and has the ability to effectuate the terms of this Settlement Addendum related to such Party, in each case, subject to the Bankruptcy Court's approval of the Sale Order with this Settlement Addendum annexed thereto, and each Party acknowledges that, by entering into this Settlement Addendum, it does not and will not dispute the authority of each other party to enter into and be bound by this Settlement Addendum. |
| **Governing Law** | THIS SETTLEMENT ADDENDUM SHALL IN ALL RESPECTS, INCLUDING ALL MATTERS OF CONSTRUCTION, VALIDITY AND PERFORMANCE, BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAW OF THE STATE OF NEW YORK |

|  | (WITHOUT REGARD TO CONFLICT OF LAWS PRINCIPLES) AS APPLIED TO CONTRACTS MADE AND PERFORMED WITHIN THE STATE OF NEW YORK. |
|---|---|

***************************

Dated: New York, New York
March 25, 2022

*/s/ Kyle J. Ortiz*
**TOGUT, SEGAL & SEGAL LLP**

Frank A. Oswald
Kyle J. Ortiz
Brian F. Shaughnessy
Bryan M. Kotliar
One Penn Plaza, Suite 3335
New York, New York 10119
Telephone: (212) 594-5000
Email:  frankoswald@teamtogut.com
kortiz@teamtogut.com
bshaughnessy@teamtogut.com
bkotliar@teamtogut.com

*Counsel to the Debtors and Debtors in Possession, on behalf of the Debtors*

Dated:  New York, New York
   March 25, 2022

               */s/ Michael J. Edelman*
               **VEDDER PRICE P.C.**

               Michael J. Edelman
               Jeremiah Vandermark
               1633 Broadway, 31st Floor
               New York, NY 10019
               Telephone: (212) 407-7700
               Email: MJEdelman@VedderPrice.com
                   JVandermark@VedderPrice.com

               *Counsel to JP Lease Products & Services Co., Ltd., and JLPS Ireland Limited*, on *behalf of the JPA Parties (other than the Debtors)*

Dated:  New York, New York
        March 25, 2022

          */s/ Sidney P. Levinson*
          **DEBEVOISE & PLIMPTON LLP**

          Sidney P. Levinson
          Isabella M. Cusano
          919 Third Avenue
          New York, NY 10022
          Telephone:  (212) 909-6000
          Facsimile:  (212) 9090-6836
          Email:   slevinson@debevoise.com
                   imcusano@debevoise.com

          *Counsel to JLPS Leasing Uranus Limited*
          *and JLPS Leasing Draco Limited, on behalf of the*
          *Intermediate Lessors*

Dated:  March 25, 2022

    */s/ Asher B. Griffin*
    **QUINN EMANUEL URQUHART & SULLIVAN, LLP**

    Benjamin I. Finestone
    Zachary R. Russell
    51 Madison Avenue, Fl. 22
    New York, NY 10010
    Telephone: (212) 849-7000
    Facsimile: (212) 849-7100
    Email:  benjaminfinestone@quinnemanuel.com
           zacharyrussell@quinnemanuel.com

    Justin C. Griffin (pro hac vice)
    Eric Winston (pro hac vice)
    865 South Figueroa Street, Fl. 10
    Los Angeles, CA 90017
    Telephone: (213) 443-3000
    Email:  justingriffin@quinnemnauel.com
           ericwinston@quinnemanuel.com

    Asher B. Griffin (pro hac vice)
    300 West 6th Street, Suite 2010
    Austin, TX 78710
    Telephone: (737) 667-6103
    Email:  ashergriffin@quinnemnauel.com

    *Counsel to FitzWalter Capital*
    *Partners (Financial Trading) Limited, on behalf of the FitzWalter Parties*

**Exhibit 1**

Claim No. QB-2022-000199

**IN THE HIGH COURT OF JUSTICE**

**QUEEN'S BENCH DIVISION**

**MEDIA AND COMMUNICATIONS LIST**

Before:
Dated:

BETWEEN

**FITZWALTER CAPITAL PARTNERS (FINANCIAL TRADING) LIMITED**

**Claimant**

and

**(1) JP LEASE PRODUCTS & SERVICES LIMITED**
**(2) JLPS IRELAND LIMITED**
**(3) JLPS LEASING DRACO LIMITED**
**(4) JLPS LEASING URANUS LIMITED**
**(5) HEINRICH LOECHTEKEN**

**Defendants**

---

**CONSENT ORDER**

---

**UPON** the order of Mr Justice Nicklin dated 8 March 2022;

**UPON** the Claimant and the First to Fourth Defendants having agreed to seek the Court's approval to stay these proceedings until 22 April 2022, as described in a letter to the Court from the Claimant's solicitors dated 15 March 2022 enclosing a draft Consent Order signed by the Claimant and the First to Fourth Defendants;

**AND UPON** the Claimant and the Defendants having agreed to the dismissal of the proceedings without costs,

**BY CONSENT IT IS ORDERED THAT:**

1.  These proceedings are dismissed.

2.  There shall be no order as to costs.

**Dated this        day of                        2022**
**We consent to an order being made in the above terms**


Signed:                                                Signed:


………………………….                        ……………………………
Quinn Emanuel Urquhart & Sullivan LLP    Alius Law
For and on behalf of the Claimant               For and on behalf of the First and Second Defendants



Signed:

…………………………….
Debevoise & Plimpton LLP
For and on behalf of the Third and Fourth Defendants


Signed:

……………………………
Heinrich Loechteken
Fifth Defendant