TOGUT, SEGAL & SEGAL LLP  
One Penn Plaza, Suite 3335  
New York, New York 10119  
(212) 594-5000  
Kyle J. Ortiz  
Bryan M. Kotliar  
Eitan E. Blander  

*Counsel for the Debtors  
and Debtors in Possession*

HEARING DATE: 4/27/2022 AT 10:00 A.M.  
OBJECTIONS DUE: 4/20/2022 AT 4:00 P.M.

**UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JPA NO. 111 CO., LTD. and  JPA NO. 49 CO., LTD., | Case No.: 21-12075 (DSJ) |
| | (Jointly Administered) |
| Debtors.[1] | |

**NOTICE OF HEARING ON DEBTORS' APPLICATION  
FOR AN ORDER PURSUANT TO SECTIONS 105(a) AND 1121(d)  
OF THE BANKRUPTCY CODE EXTENDING THE EXCLUSIVE PERIODS  
TO FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

**PLEASE TAKE NOTICE** that on April 8, 2022, the above-captioned debtors and debtors in possession (the "Debtors") filed the *Application for an Order Pursuant to Sections 105(a) and 1121(d) of the Bankruptcy Code Extending the Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof* (the "Motion") with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

**PLEASE TAKE FURTHER NOTICE** that a hearing (the "Hearing") to consider the relief requested in the Motion will be held on **April 27, 2022 at 10:00 a.m.**

---

[1] The Debtors in these Chapter 11 Cases are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

**(prevailing Eastern Time)**, or as soon thereafter as counsel can be heard, before the Honorable David S. Jones, United States Bankruptcy Judge for the Southern District of New York, One Bowling Green, New York, New York 10004, unless otherwise ordered by the Bankruptcy Court. In light of the COVID-19 pandemic, the Hearing shall take place via Zoom for Government. Those wishing to appear before the Bankruptcy Court at the Hearing must register their appearance by utilizing the Electronic Appearance portal located at the Bankruptcy Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl. Appearances must be entered no later than April 26, 2022 at 4:00 p.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motion and the relief requested therein shall be filed no later than **April 20, 2022 at 4:00 p.m. (prevailing Eastern Time)** (the "Objection Deadline") with a courtesy copy to the Chambers of the Honorable David S. Jones by email: jones.chambers@nysb.uscourts.gov , and served upon, so as to be received by the following parties by the Objection Deadline: (i) counsel to the Debtors, Togut, Segal & Segal LLP, Kyle J. Ortiz, Esq. (kortiz@teamtogut.com) and Bryan Kotliar, Esq. (bkotliar@teamtogut.com); and (ii) any other parties requesting notice.

**PLEASE TAKE FURTHER NOTICE** that Gen. Ord. M-543, along with other temporary procedures implemented by the Bankruptcy Court in connection with the COVID-19 pandemic (including electronic filing procedures for *pro se* parties) can be found by visiting www.nysb.uscourts.gov (the "Bankruptcy Court's Website") and clicking on the "Coronavirus COVID-19 Protocol" banner.

**PLEASE TAKE FURTHER NOTICE** that copies of the Motion and the exhibits thereto can be viewed and/or obtained by (i) accessing the Bankruptcy Court's Website for a fee, (ii) contacting the Office of the Clerk of the Bankruptcy Court, or (iii)

2

contacting the Debtors' counsel identified below. Please note that a PACER password is required to access documents on the Bankruptcy Court's Website.

Dated:  April 8, 2022
      New York, New York

                              JPA NO. 111 CO., LTD. and
                              JPA NO. 49 CO., LTD.
                              *Debtors and Debtors in Possession*
                              By their Counsel
                              TOGUT, SEGAL & SEGAL LLP
                              By:

                              */s/ Kyle J. Ortiz*
                              Kyle J. Ortiz
                              Bryan M. Kotliar
                              Eitan E. Blander
                              One Penn Plaza, Suite 3335
                              New York, New York 10119
                              Telephone: (212) 594-5000

HEARING DATE: 4/27/2022 AT 10:00 A.M.
OBJECTIONS DUE: 4/20/2022 AT 4:00 P.M.

TOGUT, SEGAL & SEGAL LLP
One Penn Plaza, Suite 3335
New York, NY  10119
(212) 594-5000
Kyle J. Ortiz
Bryan M. Kotliar
Eitan E. Blander

*Counsel for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| JPA NO. 111 CO., LTD. and JPA NO. 49 CO., LTD., | Case No.: 21-12075 (DSJ) |
| Debtors.[1] | (Jointly Administered) |

**DEBTORS' APPLICATION FOR AN ORDER
PURSUANT TO SECTIONS 105(a) AND 1121(d) OF THE
BANKRUPTCY CODE EXTENDING THE EXCLUSIVE PERIODS TO
FILE A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

TO THE HONORABLE DAVID S. JONES
UNITED STATES BANKRUPTCY JUDGE:

The debtors and debtors in possession (collectively, the "Debtors") in the above-captioned cases (the "Chapter 11 Cases") hereby submit this application (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to sections 105(a) and 1121(d) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9006-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), extending the Debtors' exclusive period to file a chapter 11 plan (the "Exclusive Filing Period") for ninety (90) days, through and including July 19, 2022, and extending

---

[1] The Debtors in these Chapter 11 Cases are:  JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd.  The Debtors' corporate address is: Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

the Debtors' exclusive period to solicit acceptances of such chapter 11 plan (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period, the "Exclusive Periods") for ninety (90) days through and including September 13, 2022.

In support of this Motion, the Debtors rely upon and incorporate by reference the declaration of Heinrich Loechteken, a copy of which is attached hereto as **Exhibit B** (the "Loechteken Declaration"). In further support of this Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

### PRELIMINARY STATEMENT[2]

This Motion is the Debtors' first request to extend the Exclusive Periods. Following a contentious marketing and sale process for substantially all of the Debtors' assets, the Court recently entered the ultimately consensual Sale Order following the Debtors' entry into the Global Settlement on March 25, 2022—approximately three months into these Chapter 11 Cases. The Debtors are actively working with the Purchasers and the other parties involved in the Sale to close the Sale as soon as practicable.

The closing of the Sale will be a key step toward resolving the Chapter 11 Cases because the proceeds of the Sale will (a) be used at closing to satisfy all the Debtors' prepetition secured obligations and (b) thereafter be used to fund a chapter 11 plan that the Debtors expect will pay all claims in full, including administrative expenses and unsecured claims. Based on the Debtors' Schedules and Statements and following the passing of the General Bar Date on April 25, 2022 (the Exclusive Filing Period is currently set to expire on April 18, 2022) and the closing of the Sale, the Debtors expect that they

---

[2] Capitalized terms used in this Preliminary Statement but not otherwise defined herein shall have the meanings ascribed to such terms below.

2

will be able to proceed with filing a chapter 11 plan and disclosure statement with the certainty that the proposed plan will satisfy all creditors' claims in full.

Although the Debtors expect to file a chapter 11 plan soon, the Debtors are seeking a short ninety (90) day extension of the Exclusive Periods to minimize the costs associated with the Debtors' chapter 11 plan process by protecting against the filing of a competing plan. The relief sought in this Motion will not prejudice any creditor. Instead, the Debtors believe that by extending the Exclusive Periods, all parties in interest will benefit from an organized and efficient plan process that is negotiated and proposed in good faith, with input from their creditors and other parties in interest to ensure a value-maximizing outcome for these Chapter 11 Cases.

In light of these facts and circumstances, the Debtors respectfully submit that cause exists to grant the requested extensions as set forth herein.

## JURISDICTION AND VENUE

1. This United States Bankruptcy Court for the Southern District of New York (the "Court") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference M-431, dated January 31, 2012 (Preska, C.J.) (the "Amended Standing Order"). This is a core proceeding under 28 U.S.C. § 157(b). The Debtors confirm their consent, pursuant to Bankruptcy Rule 7008, to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3

3. The statutory predicates for the relief requested herein are sections 105(a) and 1121(d) of the Bankruptcy Code and Local Rule 9006-2.

## BACKGROUND

**A.     The Chapter 11 Cases**

4. On December 17, 2022 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court commencing these Chapter 11 Cases.

5. The Debtors continue to operate their businesses and manage their property as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. These Chapter 11 Cases are jointly administered for procedural purposes only. No trustee, examiner, or statutory committee of creditors has been appointed in these Chapter 11 Cases.

6. On December 31, 2022, the Debtors filed their schedules of assets and liabilities and statements of financial affairs [Docket Nos. 6, 7, 19, 20]. On February 3, 2022, the Debtors filed *Amended and Restated Schedules of Assets and Liabilities* [Docket Nos. 98, 99] (as amended, the "Schedules and Statements").

7. On March 15, 2022, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 170], establishing April 25, 2022 at 5:00 p.m. (prevailing Eastern Time) as the general bar date (the "General Bar Date") and June 14, 2022 at 5:00 p.m. (prevailing Eastern Time) as the governmental bar date.

8. Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to these Chapter 11 Cases, is set forth in the *Declaration of Teiji Ishikawa Pursuant to Local*

4

*Bankruptcy Rule 1007-2 and in Support of the Debtors' Chapter 11 Petitions and First Day Pleadings* [Docket No. 3].

**B.    The Sale Process and Global Settlement**

9.    The Debtors commenced these Chapter 11 Cases to pursue the sale (the "Sale") of substantially of all of their assets pursuant to an orderly marketing and auction process approved and overseen by the Court (the "Sale Process").

10.    On February 7, 2022, the Court entered the *Order (A) Approving Bidding Procedures Relating to the Sale of Substantially All of the Debtors' Assets; (B) Establishing Stalking Horse Bidders and Approving Bid Protections; (C) Approving Procedures of the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; (D) Authorizing Enforcement Actions; (E) Scheduling an Auction and a Sale Hearing; and (F) Approving the Form and Manner of Notice Thereof* [Docket No. 102] (the "Bidding Procedures Order").  Pursuant to the Bidding Procedures Order, the Court, among other things, approved bidding and auction procedures for the Sale Process (the "Bidding Procedures"), established the Stalking Horse Bidder (as defined in the Bidding Procedures Order) as the initial bid for the Debtors' assets, and scheduled a hearing to consider approval of the Debtors' proposed Sale (the "Sale Hearing").

11.    Following the conclusion of the Sale Process, on March 14, 2022, the Court held the Sale Hearing, and on March 18, 2022, the Court issued an oral ruling approving the Sale to the Stalking Horse Bidder and resolving and determining various other issues in connection with the Sale (the "Sale Ruling").  Subsequent to the Sale Ruling, as a result of discussions among the Debtors and the major parties in interest in these Chapter 11 Cases (collectively, the "Settlement Parties"), the Debtors entered into a global resolution of all material issues impacting the Chapter 11 Cases and paving the way for entry of a consensual order approving the Sale (the "Global Settlement").

5

12. On March 25, 2022, the Court entered the *Order (A) Approving Stalking Horse Purchase Agreements; (B) the Sale of the Purchased Assets Free and Clear of All Liens, Claims, Interests, and Encumbrances; (C) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases in Connection Therewith; and (D) Granting Related Relief* [Docket No. 180] (the "Sale Order"), approving the Debtors' proposed Sale to the Stalking Horse Bidder (as defined in the Sale Order, the "Purchasers") and the Global Settlement attached to thereto as Exhibit D.

13. As set forth in the Sale Order, the Sale provides for (a) payment in full of all secured claims against the Debtors' estates (collectively, the "Secured Obligations") upon the closing of the Sale, and (b) an additional $5 million paid directly to the Debtors' estates (the "Cash Component"). The Debtors are working diligently with the Purchasers and the other parties involved in the Sale to close the Sale as soon as practicable.

C. **The Debtors' Anticipated Plan Process**

14. On March 31, 2022, the Court held a status conference and discussed with the Debtors and other parties in interest the Debtors' filing of a proposed chapter 11 plan and disclosure statement and scheduling a combined hearing to approve such disclosure statement and confirm the plan.

15. The Debtors' Exclusive Filing Period is currently set to expire on April 18, 2022. The Debtors expect to file a chapter 11 plan and related disclosure statement shortly after the closing of the Sale and the passing of the General Bar Date on April 25, 2020.

**RELIEF REQUESTED**

16. By this Motion, the Debtors seeks entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, extending the Exclusive Filing

6

Period by ninety (90) days through and including July 19, 2022, and the Exclusive Solicitation Period by ninety (90) days through and including September 13, 2022. The period is currently set to expire on April 18, 2022, however, pursuant to Local Rule 9006-2, the period is automatically extended until the Court resolves this Motion.[3]

## BASIS FOR THE RELIEF REQUESTED

17. Pursuant to section 1121(d) of the Bankruptcy Code, the Court may extend the Exclusive Periods for cause. *See* 11 U.S.C. § 1121(d) ("[O]n request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may *for cause* reduce or increase the 120-day period or the 180-day period referred to in this section.") (emphasis added).

18. The exclusive periods established by Congress were incorporated into the Bankruptcy Code to afford a full and fair opportunity for a debtor to propose a Chapter 11 plan and solicit acceptances of the plan without interference from creditors. *See In re Texaco Inc.*, 81 B.R. 806, 809 (Bankr. S.D.N.Y. 1988) (citing H.R. Rep. No. 595, 95th Cong., 2d Sess. 221-222 (1978), U.S. Code Cong. & Admin. News 1978, p. 5787).

19. The Bankruptcy Code neither defines the term "cause" for purposes of section 1121(d) of the Bankruptcy Code nor establishes formal criteria for an extension of the exclusive periods. The legislative history of section 1121 of the Bankruptcy Code indicates, however, that it is intended to be a flexible standard to balance the competing interests of a debtor and its creditors. *See* H.R. Rep. No. 95-595, at 231-32 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963 (noting that Congress intended to give bankruptcy courts great flexibility to protect a debtor's interests by allowing a debtor an unimpeded opportunity to negotiate settlement of debts without interference from other parties in interest).

---

[3] The hearing on this Motion is scheduled for April 27, 2022 at 10:00 a.m. (prevailing Eastern Time).

7

20.  In exercising its broad discretion, a bankruptcy court may consider a variety of factors to assess the totality of circumstances in each case and to determine the existence of "cause" under section 1121(d) of the Bankruptcy Code. *See In re Borders Grp., Inc.*, 460 B.R. 818, 821-22 (Bankr. S.D.N.Y. 2011) ("The determination of cause under section 1121(d) is a fact-specific inquiry and the court has broad discretion in extending or terminating exclusivity."); *In re Adelphia Commc'ns Corp.*, 352 B.R. 578, 587 (Bankr. S.D.N.Y. 2006) (identifying objective factors courts historically have considered in determining whether cause exists to extend or terminate exclusivity); *see also In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987) (identifying factors used by courts to determine whether cause exists to extend exclusivity); *In re Dow Corning Corp.*, 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997) (same); *In re Express One Int'l, In*c., 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (same).  These factors are not exclusive and include, without limitation:

(a)  the size and complexity of the debtor's case;

(b)  the necessity for sufficient time to permit the debtor to negotiate a chapter 11 plan and prepare adequate information;

(c)  the existence of good faith progress towards reorganization;

(d)  the fact that the debtor is paying its bills as they become due;

(e)  whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)  whether the debtor has made progress in negotiations with its creditors;

(g)  the amount of time which has elapsed in the case;

(h)  whether the debtor is seeking an extension of exclusivity in order to pressure creditors to submit to the debtor's reorganization demands; and

(i)  whether an unresolved contingency exists

8

(collectively, the "Adelphia Factors"). *See Adelphia Commc'ns*, 352 B.R. at 587 (noting that the nine factors listed above are "objective factors which courts historically have considered in making determinations of this character"); *see also Borders,* 460 B.R. at 822-28 (evaluating Adelphia Factors to hold that debtor established cause to extend exclusivity); *Express One*, 194 B.R. at 100 (identifying all of the nine factors as relevant in determining whether cause exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.C. 1986) (holding that debtor showed cause to extend exclusive period based upon certain of the nine factors). Not all factors are relevant to every chapter 11 case and courts have broad discretion and flexibility to consider the relevant factors in determining whether cause to extend the exclusive periods exists. *See Adelphia,* 352 B.R. at 586 ("A decision to extend or terminate exclusivity for cause is within the discretion of the bankruptcy court, and is fact specific."); *Borders,* 460 B.R. at 822 (the "Court has broad discretion in extending or terminating exclusivity"); *see also In re Lehigh Valley Pro. Sports Club, Inc.,* Case No. 00-11296DWS, 2000 WL 290187, at *2 (Bankr. E.D. Pa. Mar. 14, 2000 (relief under section 1121(d) is committed to the sound discretion of the bankruptcy judge.").

21. As set forth herein, application of the Adelphia Factors to the facts and circumstances of these Chapter 11 Cases makes evident that the requested extension of the Exclusive Periods is warranted.

### I.  The Debtors Have Made Substantial Progress Towards a Viable Chapter 11 Plan (Adelphia Factors (c), (e) and (f))

22. The Debtors have made substantial progress in the first few months of the Chapter 11 Cases warranting an extension of the Exclusive Periods. After a five-week Sale Process that involved a series of heavily litigated matters, the Debtors obtained Court approval of the Sale and are actively pursuing closing of the Sale. The

9

Purchasers are purchasing substantially all of the Debtors' assets on favorable terms that provide for consideration sufficient to satisfy in full the Secured Obligations and provides the Debtors' estates with the Cash Component which the Debtors expect will be sufficient to pay all administrative expenses and unsecured claims in the Chapter 11 Cases. The Sale is a positive outcome for the Debtors and their creditors. Although the Sale has been approved pursuant to the Sale Ruling and the Sale Order there are still a number of final steps that need to occur, including finalizing the documentation necessary to close the Sale, and the organizing the logistics of the closing itself, which may involve repositioning the aircraft.

23.   Throughout the Chapter 11 Cases, the Debtors and their advisors have also spent considerable time and resources litigating and defending the Sale Process and the Chapter 11 Cases, including successfully defending a motion to dismiss the Chapter 11 Cases (which the Court denied on February 1, 2022 [Docket No. 97] and was subsequently appealed), filing an adversary proceeding to enforce the automatic stay and protect the integrity of the Sale Process, defending or responding to other litigation in connection with the Sale, and defeating numerous objections to the Bidding Procedures and Sale Motion. The Debtors continue to perform their other obligations as a debtors in possession, including attending the section 341 meeting on February 4, 2022, and filing their monthly operating reports. *See* Docket Nos. 39, 122, 123.

24.   Significantly, the Debtors and their advisors ultimately negotiated the Global Settlement. Entry into the Global Settlement allowed the Debtors to obtain a consensual Sale Order. In addition, the Global Settlement resolves all of the matters, issues and claims being litigated as of the date of entry of the Sale Order or threatened to be litigated as the Chapter 11 Cases progress.

25. These facts establish that the Debtors have made significant progress in negotiations with its creditors and have demonstrated more than reasonable prospects for filing a viable chapter 11 plan. *See* Adelphia factors (e) and (f). Exclusivity should be extended for a short period to minimize the costs associated with the Debtors' chapter 11 plan process by protecting against the filing of a competing plan. In light of the foregoing, there can be no doubt that the Debtors have acted diligently to make progress on a number of fronts during the beginning of these Chapter 11 Cases, and the Debtors intend to continue to do so for the remainder of the Chapter 11 Cases. The Debtors, therefore, submit that their significant progress is ample cause to extend the Exclusive Periods under Adelphia Factors (c), (e), and (f).

## II. The Extension is Needed Because the General Bar Date Has Not Yet Passed (Adelphia Factors (b) and (i))

26. Based on the Schedules and Statements and the Debtors' expectations regarding the few, if any, claims that may be filed prior to the General Bar Date, once the General Bar Date passes and the Sale closes, the Debtors intend to propose a chapter 11 plan that the Debtors expect will pay all claims in full. However, because the Exclusive Filing Period will expire before the General Bar Date passes the Debtors cannot determine with certainty whether additional unknown creditors exist who will assert claims in the Chapter 11 Cases within the Exclusive Filing Period. This uncertainty represents a contingency that warrants a short extension. *See* Adelphia factor (i).

27. After the passing of the General Bar Date on April 25, 2022 and the closing of the Sale, the Debtors expect to proceed with filing a Chapter 11 plan and circulating a disclosure statement based on more complete information about the Debtors' creditors and the asserted claims pool. *See* Adelphia factor (b).

11

**III.   The Extension Will Not Harm Any Party and Will
Benefit All Stakeholders  (Adelphia Factors (c), (g), and (h))**

28.   The Debtors are not seeking an extension to unfairly prejudice or pressure creditors.  An extension of the Exclusive Periods will provide the Debtors with an opportunity to proceed with the Global Settlement and consummate the Sale, which will provide the foundation for the Debtors to propose and confirm a chapter 11 plan that the Debtors expect will pay holders of claims and administrative expenses in full.  The Debtors believe that by maintaining their Exclusive Periods (as extended as set forth herein) all stakeholders will benefit from an organized, streamlined, and efficient plan process.

**IV.   The Debtors Are Meeting Their
Postpetition Obligations (Adelphia Factor (d))**

29.   Courts considering an extension of a debtor's exclusive period also assess the debtor's liquidity.  *See Texaco*, 76 B.R. at 323.  Here, the Debtors expect to pay all postpetition claims in full during the requested extension of the Exclusive Filing Period (and through confirmation of their proposed plan, and thereafter) using the Cash Component of the Sale proceeds.  Accordingly, granting the requested extension will not jeopardize the rights of creditors of the Debtors during the Chapter 11 Cases.

**NOTICE**

30.   Notice of this Motion shall be given to:  (a) the United States Trustee for the Southern District of New York;  (b) the parties listed in the list of thirty (30) largest unsecured creditors filed by the Debtors in these Chapter 11 Cases;  (c) the parties listed in the list of the holders of the Debtors' five (5) largest secured claims;  (d) the Internal Revenue Service;  (e) Vietnam Airlines;  and (f) any such other party entitled to notice pursuant to Local Bankruptcy Rule for the United States Bankruptcy

12

Court for the Southern District of New York 9013-1(b). The Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

31. No previous request for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

**WHEREFORE** the Debtors respectfully request that the Court enter the Proposed Order, in substantially the form attached hereto as **Exhibit A**, granting the relief requested herein, and such other and further relief as may be just and proper.

DATED:   April 8, 2022
         New York, New York

                                    JPA NO. 111 CO., LTD. and
                                    JPA NO. 49 CO., LTD.
                                    *Debtors and Debtors in Possession*
                                    By their Counsel
                                    TOGUT, SEGAL & SEGAL LLP
                                    By:

                                    */s/Kyle J. Ortiz*
                                    Kyle J. Ortiz
                                    Bryan M. Kotliar
                                    Eitan E. Blander
                                    One Penn Plaza, Suite 3335
                                    New York, New York 10119
                                    Telephone: (212) 594-5000