# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>JPA NO. 111 CO., LTD. and<br>JPA NO. 49 CO., LTD.,<br><br>Debtors.[1] | Chapter 11<br><br>Case No.: 21-12075 (DSJ)<br><br>(Jointly Administered) |

**DECLARATION OF HEINRICH LOECHTEKEN IN SUPPORT
OF THE DEBTORS' APPLICATION FOR AN ORDER PURSUANT
TO SECTIONS 105(a) AND 1121(d) OF THE BANKRUPTCY
CODE EXTENDING THE EXCLUSIVE PERIODS TO FILE
A CHAPTER 11 PLAN AND SOLICIT ACCEPTANCES THEREOF**

I, Heinrich Loechteken, pursuant to section 1746 of title 28 of the United States Code, declare that the following is true and correct:

1. I am the CEO of JLPS Ireland Limited ("JLPSI"). JLPSI is responsible for aircraft trading and management for the JPL group, including JPA 111 Co., Ltd. and JPA No. 49 Co., Ltd., the debtors and debtors in possession (the "Debtors") in the above-captioned cases (the "Chapter 11 Cases"). JP Lease Products & Services Co. Ltd. ("JP Lease") is the parent company of both JLPSI and the Debtors. On January 26, 2022, I was appointed as a director of each of the Debtors.

2. I make this declaration (this "Declaration") in support of the *Debtors' Application for an Order Pursuant to Sections 105(a) and 1121(d) of the Bankruptcy Code Extending the Exclusive Periods to File a Chapter 11 Plan and Solicit Acceptances Thereof*, filed contemporaneously herewith (the "Motion").[2] All facts set forth in this

---

[1] The Debtors in these Chapter 11 Cases are: JPA No. 111 Co., Ltd. and JPA No. 49 Co., Ltd. The Debtors' corporate address is: Kasumigaseki Common Gate West Tower, 3-2-1 Kasumigaseki, Chiyoda-Ku, Tokyo 100-0013.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

Declaration are based on my personal knowledge, my discussions with other members of the Debtors' management, my review of relevant documents or others' reports of their contents, my opinion based on my experience and knowledge of the Debtors' operations and financial conditions. In making this Declaration, I have relied in part on information and materials that the Debtors' advisors have gathered, prepared, and provided to me.

3. I am not being compensated for providing this Declaration or testimony. If I were called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

### I. The Debtors Have Made Substantial Progress Towards a Viable Chapter 11 Plan (Adelphia Factors (c), (e) and (f))

4. I believe that the Debtors have made significant progress in these Chapter 11 Cases since the Petition Date, and that the additional time provided by the requested extension will benefit the Debtors' estates and all parties in interest.

5. After a five-week Sale Process that involved a series of heavily litigated matters, the Debtors obtained Court approval of the Sale and are actively pursuing closing of the Sale. The Purchasers are purchasing substantially all of the Debtors' assets on favorable terms that provide for consideration sufficient to satisfy in full the Secured Obligations and provides the Debtors' estates with the Cash Component which the Debtors expect will be sufficient to pay all administrative expenses and unsecured claims in the Chapter 11 Cases. I believe the Sale is a positive outcome for the Debtors and their creditors. Although the Sale has been approved pursuant to the Sale Ruling and the Sale Order there are still a number of final steps that need to occur, including finalizing the documentation necessary to close the Sale, and organizing the logistics of the closing itself, which may include repositioning the aircraft.

6. Throughout these Chapter 11 Cases, the Debtors and their advisors have spent considerable time and resources litigating and defending the Sale Process and the Chapter 11 Cases, including successfully defending a motion to dismiss the Chapter 11 Cases (which the Court denied on February 1, 2022 [Docket No. 97] and was subsequently appealed), filing an adversary proceeding to enforce the automatic stay and protect the integrity of the Sale Process, defending or responding to other litigation in connection with the Sale, and defeating numerous objections to the Bidding Procedures and Sale Motion. The Debtors continue to perform their other obligations as a debtors in possession, including attending the section 341 meeting on February 4, 2022, and filing their monthly operating reports. *See* Docket Nos. 39, 122, 123.

## II. The Extension is Needed Because the General Bar Date Has Not Yet Passed (Adelphia Factors (b) and (i))

7. Based on the Schedules and Statements and the Debtors' expectations regarding the few, if any, claims that may be filed prior to the General Bar Date, once the General Bar Date passes and the Sale closes, the Debtors intend to propose a chapter 11 plan that the Debtors expect will pay all claims in full. However, because the Exclusive Filing Period will expire before the General Bar Date passes the Debtors cannot determine with certainty whether additional unknown creditors exist who will assert claims in the Chapter 11 Cases within the Exclusive Filing Period. I believe this uncertainty represents a contingency that warrants a short extension. *See* Adelphia factor (i).

8. After the passing of the General Bar Date on April 25, 2022 and the closing of the Sale, the Debtors expect to proceed with filing a Chapter 11 plan and circulating a disclosure statement based on more complete information about the Debtors' creditors and the asserted claims pool.

3

**III.    The Extension Will Not Harm Any Party and Will
Benefit All Stakeholders (Adelphia Factors (c), (g), and (h))**

9. It is my belief that the Debtors are not seeking an extension to unfairly prejudice or pressure creditors. An extension of the Exclusive Periods will provide the Debtors with an opportunity to proceed with the Global Settlement and consummate the Sale, which will provide the foundation for the Debtors to propose and confirm a chapter 11 plan that the Debtors expect will pay holders of claims and administrative expenses in full. I believe that by maintaining their Exclusive Periods (as extended as set forth herein) all stakeholders will benefit from an organized, streamlined, and efficient plan process. Therefore, I believe that granting the extension will maximize recoveries to holders of valid claims and not unfairly prejudice or pressure creditors.

**IV.    The Debtors Are Meeting Their
Postpetition Obligations (Adelphia Factor (d))**

10. I understand that the Debtors expect to pay all postpetition claims in full during the requested extension of the Exclusive Filing Period (and through confirmation of their proposed plan, and thereafter) using the Cash Component of the Sale proceeds. Accordingly, I believe that granting the requested extension will not jeopardize the rights of creditors of the Debtors during the Chapter 11 Cases.

11. As set forth herein and in the Motion, I believe that the Debtors have made good use of the initial months of these Chapter 11 Cases. Accordingly, I believe that the relief requested in the Motion will benefit the Debtors' estates and all parties in interest.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge and belief.

DATED:    April 8, 2022
            Shannon, Ireland

                              By: */s/Heinrich Loechteken*
                              Name: Heinrich Loechteken
                              Title: Chief Executive Officer